■ OPINION of the Court, by
Judge O’vtsiRic.
11⅜!⅜ is an appeal from a decree of the court belo'w sustaining the appellee’s demurrer: and dismissing the appellant’s hill, brought to obtain the reconveyance of, a tract of land which had beep previously' conveyed by tf e appellant to the appellee. 'Rhe,hill alleges that the appm-lant having become involved in his circumstances, to ne-cure the payment of debts which' he was owjng the ap-pellee, he executed to him a deed of trust upon the tract of land in question: that some, túne thereafter, appro--heading his other creditors Would, as they threatened to do so, force a sale of the land, he made an absolute con-yeyance thereof to the appellee, at six íjpllacs pgr acra, but tliat ⅜ was ugqsp a secret trust» and the appellant was to be permitted to redeem the, land upon the tepins suggested in the, bill,
If all of the allegations of the appellant’s bill bp tqkeq qs true, and that they must be so taken in this contest; there is no doubt, it is manifest the, absoluto conveyance, made to the appellee was designed by the appellant tq Jiinder and delay his, creditors in the collection, of theip, just debts, and as to them would he deemed fraudulent, "Were those creditors, therefore, complajnants seeking., the aid of equity against that conveyance, there would hie no doubt but that under the present state, of case they would h,e entitled tp relief., But with inspect to the apt., peftánt, as he voluntarily gaye the conveyance with the fraudulent intent to prejudice the rights of hi? creditors» the deed a? to Mm.is irrevocable, and at Ms instance cap? pot be relieved, against.
The decree of the court beloyr must therefore be finned with costs.