C. B. WILLIAMS, next friend of J. S. TUCKER et al. v.
MARY TUCKER et al.

1. STATUTES — CONSTRUCTION.— It is a principle of general acceptance, that, when any American state adopts an English statute, or when one state copies a statute of another state, the statute is adopted with the construction given to it by the government from which it is borrowed.

2. STATUTE OF FRAUDS.— It is a sufficient compliance with the statute of frauds if only " the party charged " shall have " signed the memorandum or agreement," whether the other party shall have signed it or not. This is the uniform doctrine of the courts of both this country and England.

APPEAL from the chancery court of Lee county.
WHITFIELD, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*Williams & Eckford,* for appellant,

Insisted that in the fraudulent attempt of Mary and
R. J. Tucker to incumber the lands mentioned in the
bill, they could not incumber even their own interest.
If the injunction had been dissolved as to their interest, the trustee could not have sold such interest only,
but would have been governed by the terms of his deed,
and sold all or none. The trustee might, by bill, be
substituted for Mary and R. J. Tucker, pray a partition,
and then sell their shares, but no more. The deed, if
confined to their shares, would be void for uncertainty.
Rev. Code of 1857, p. 454, art. 117; 8 S. & M. 672.
The heirs of Tucker hold as tenants in common. 4
Kent Com. 375. They cannot convey to the prejudice
of one another. 4 Kent Com. 368; 10 N. H. 242; 3
Yerg. 492; 21 Pick. 285, 329; 2 Hawks, 155; 15 N. H.
412; 38 ib. 127; 28 Conn. 183; 7 Cow. 229.

If courts of equity will relieve borrowers from usurious contracts, it will certainly relieve innocent parties
upon whom a fraud has been committed. Fraud itself

vitiates all contracts.   8 S. & M. 131, 368, 377 ; 37 Miss. 631;  41 ib. 717.

The jurisdiction of the courts attaches only for the purpose of removing clouds, and will be assumed by the court for all purposes of equity applicable to the case. 1 Story Eq. Jur., §§ 64, 67, notes; ib., §§ 68, 71, 74, note 3, p. 457 ; Story Eq. Pl., p. 284a, §§ 284, 285, 285a, 286, note 1 ; 34 Miss. 87 ;  27 Miss. 234 ; Story Eq. Pl. 530, 531 ;  7 S. & M., 630.

The bond is good, but if bad it cannot be taken advantage of by demurrer.   The code provides the remedy for insufficient bonds.  Rev. Code 1857, p. 548, art. 58.

For one object the bill has the removal of clouds from title.   A bill for this purpose will, of course, be sustained.   Chancery Act of May 4, 1870, § 9; 1 Story Eq. Jur., § 700, and authorities there cited in note 1 ; 41 Miss. 520.   The bill shows both legal and equitable title in heirs of James M. Tucker; charges a fraud committed on them ; and when fraud is charged a demurrer will not be sustained to a bill unless the fraud is answered. 41 Miss. 461–712. If a demurrer be to a whole bill, and is only good as to a part, it must be overruled.   42 ib. 347, 473, 496.

*J. A. Green,* for appellees.

The only objection that was made to the decree in the court below was that an undivided interest in the land could not be sold.   On this point I refer the court to Tucker v. Stephens, 4 Des. Ch. (S. C.) 532 ; Matlock v. Buller, 10 Ves. Jr. 315, 316, 506 ; 12 S. & M. 73; Rev. Code 1857, p. 307, art. 7.   The bill shows that the interest of those, which the decree directs to be sold under the deed of trust, was liable to be sold; that they were competent to execute the deed and the bill shows no reason, only their interest should not be sold.

SIMRALL, J. :

The bills seeks to enjoin and cancel the deed of trust made by Tucker and wife to Vance, trustee, to secure a debt to Wilson and wife. This deed, it is averred, is a cloud upon the title of the complainants. If the complainants have a right to the premises as heirs of their deceased ancestor, J. M. Tucker, it would be subject to division; and the grantor, R. J. Tucker, being one of the heirs, the deed in trust, although it may purport to convey the entire tract, would only be valid to transfer to the trustee such title and interest as the grantor had. A sale under it would only pass the extent of his undivided interest. Code 1857, art. 7, p. 307; Stone v. Buckner, 12 S. & M. 88. The complainants, the other heirs, have no interest to controvert this deed in trust, except in so far as it may confuse and becloud their title.

But the complainants also seek a cancellation of the deed made by Billingsby to Mary Tucker, the widow of the ancestor of the complainants. The allegations on this point are, that J. M. Tucker, the ancestor, in 1859, purchased the land from Billingsby, paid the consideration and received a conveyance in fee simple, in due form, executed and acknowledged; that the grantee omitted to have this deed recorded; that J. M. Tucker died in 1864; that, by some causalty, the deed has been lost or stolen, or by some person suppressed; that, after the death of her husband, Mary Tucker, the widow, with full knowledge of the existence and execution of the conveyance to her husband, and that he had died siezed of the land in 1866, procured Billingsby to make a deed conveying the premises to her, without paying any consideration therefor, and that Billingsby had full knowledge of the facts.

It is very manifest that the conveyance to Mary Tucker is a cloud upon the complainants' title, and that if it were permitted to stand, might hereafter be set up

to endanger their rights. Upon the conveyance to J. M. Tucker, the title of Billingsby vested in the vendee. Nothing passed by the subsequent deed to the widow. On this branch of the case the complainants are entitled to relief.

The only concern which the complainants have in the deed in trust from Tucker and wife to Vance, is, that it purports to convey the entire tract, and a sale and conveyance by the trustee would be as broad as the deed in trust. In reality, no more would pass than the undivided interest of the grantor in the trust, which, as appears from the bill, would be a seventh or eighth.

The primary object of the bill is to establish the title of the complainants as heirs by displacing the deed made to the widow of their ancestor; and ancilliary to that, in order to prevent their title from being obscured and brought into doubt, it would be competent for the chancery court to limit the operation of the deed in trust and the sale under it to the exact undivided interest of R. J. Tucker in the tract.

By that deed R. J. Tucker asserts a proprietorship to the whole property, whilst his title extends to a small undivided interest. It would be just to bidders, who might be ensnared, to define what shall be sold. It would be safest to the complainants that they should not be exposed to be drawn into litigation with a purchaser, at the same time, who might suppose that he acquired the whole title. We think that this relief can be administered under the general prayer for relief.

It may be observed that R. J. Tucker, in his answer, admits the statements of the bill as to the purchase and conveyance to his father, which impliedly concedes that he, as one of the heirs, could only incumber his share of the inheritance.

We think there was error in sustaining the demurrer and dismissing the bill.

Judgment here overruling the demurrer, and cause remanded, the defendants to answer in forty days from this date.