## THOMAS WALTON *v.* SAMUEL TUSTEN *et al.*

1. CONVEYANCE OF PARTNERSHIP PROPERTY.—Where one partner conveys the joint interest of the firm in property, and the deed is signed in the name of the firm, but acknowledged by only one partner, as his act and deed, it is necessary for the party receiving the conveyance, to show that the partner had the authority thus to convey, otherwise the deed will only pass the individual interest of the signing partner.

2. SAME—WHAT NECESSARY TO HAVE TITLE CANCELLED.—It is well settled that a party filing a bill for cancellation, must exhibit a complete legal or equitable title. He must be, in the words of the statute, the "true owner;" and must satisfy the court that the adversary's claim is "shadowy" rather than substantial, "apparent" rather than "real." Huntington v. Allen, 44 Miss. R., 662; Banks v. Evans, 10 S. & M., 62; Boyd v. Thornton, 13 S. & M., 345.

3. FRAUDULENT CONVEYANCES—HOW GOOD.—Such conveyances are good as between the parties, and all other persons except those who are injured by them, to-wit: Creditors of the grantor. Shork v. Enders, 3 Watts & Serg., 255; Dyer v. Horner, 22 Pick., 253; Randall v. Phillipps, 3 Mason, 378, *et seq.*

4. FRAUDULENT CONVEYANCE—EXECUTED AND EXECUTORY.—The difference in effect between an executed and executory fraudulent contract is, that in the former, the courts will decline altogether to cancel the deed and restore the title, while in the latter, the fraudulent grantee remains owner of the estate against the grantor and his heirs, and against all other persons except the creditors of the grantor.

5. SAME—EFFECT OF FRAUDULENT RECONVEYANCE.—A voluntary reconveyance of the fraudulent grantee to the original grantor, will be fraudulent and void against the creditors of the former. Chapin v. Pease, 10 Conn. R., 69.

Appeal from the chancery court of Leflore county. Hon. J. J. HOOKER, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*T. Walton*, for appellant:

If the complainant cannot recover on his pleadings and exhibits, admitting them to be true, of course he cannot recover on his testimony. He cannot make, by his proof, a stronger case than he has charged in his pleadings. Toulmin v. Heidelberg, 32 Miss., 268. So in proving that the land was entered by French, in his own name, complainants do not still affect respondent's right under their bill to defeat their claim to the half which complainants admit belonged to Waites at the time Miller received the deed from French.

Where a man makes a bond for title to land, and the consideration has been partially paid, the obligor stands in the relation of trustee for the benefit of the obligee. 7 S. & M., 15. Miller occupied this relation toward French, and the equitable title had so far vested in the latter as to enable him to defend an action of ejectment brought by the former against him. Rev. Code of 1857, p. 388, art. 17. Miller was not the real owner, who alone is entitled to maintain a bill to remove clouds from his title. Rev. Code of 1857, p. 541, art. 8; Toulmin v. Heidelberg, 32 Miss., 273 ; Mooney v. Dorsey, 7 S. & M., 15.

The proof shows that the transaction between Miller and French was without consideration, and a fraud upon the creditor of French, and was therefore void. Miller being a party to the fraudulent transaction, knowingly, cannot take advantage of it; neither can his heirs. Willis v. Clark, 20 Wend., 24. An individual shall not be assisted by law in enforcing a demand originating in a violation, on his part, of its principles or enactments. Chitty on Contracts, 214. *In pari delicto potior est conditio defendentis.* Consequently neither Miller nor his representatives can maintain a bill to remove clouds. Jayne v. Boisgerard, 39 Miss., 796; Bradford v. Union Bank of Tennessee, 13 How., 57.

Counsel argued at length the invalidity of Miller's title bond to reconvey to French, citing and commenting on Bump on Fraudulent Conveyances ; Metcalf on Contracts, 268 ; Stanton v. Green, 34 Miss., 578; Fairbanks v. Blockington, 9 Pick., 93; 14 Cal., 242; McNeil v. Cohill, 2 Bligh, 228; 1 Story Eq. Jur., § 300.

*J. Z. George,* on the same side :

The bill ought to have been dismissed.

1. Because the complainant only had a quit claim title or deed, and this cannot be made the foundation of a bill to remove clouds. 33 Miss., 292; Banks v. Evans, 10 S. & M., 35; Boyd v. Thornton, 13 S. & M., 35; Toulmin v. Heidelberg, 32 Miss., 268 ; Huntington v. Allen, 44 Miss., 654.

2. The title of complainants is fraudulent.   Boyd v. Thornton, 13 S. & M., 35.

*F. W. Keyes*, for appellees :

Both parties in the case appear to derive title from French as a common source.   *His* title, therefore, cannot be brought into question.   Griffin v. Sheffield, 38 Miss., 391.   All that is necessary to sustain the bill is to show that the complainant's title, being derived from the same source, is superior to that of defendant.   Toulmin v. Heidelberg, 32 Miss., 273 ; Griffin v. Sheffield, *supra.*

The deed from French to Miller was valid and binding upon the former, and all who stand in privity to him ; and the bond given by Miller, if such were given, to reconvey the land to French, was a nullity, or at most, an executory part of a fraudulent contract, and cannot be enforced.   27 Miss., 156, 157; 31 ib., 20 ; Sexton v. Wheaton, 1 Am. Lead. Cas., 45, and notes; 5 Binney, 109 ; 16 Johns., 189 ; 4 Bibb, 65 ; 2 ib., 89, 91 ; 3 Mason, 378 ; 4 Ired. Law, 102 ; 1 Blockf., 263 ; 1 Humph., 466 ; 1 Ohio, 469 ; 5 Ala., 192 ; 15 ib., 394, 397.

*A. H. Handy*, on the same side :

The appellees in their bill claim title under the deed executed by French and Waites, who, it alleges, were partners in the purchase of lands, and that the deed was made by French for himself and Waites, partners under authority and agreement made between them.

The answer denies the partnership and agreement; and the deposition of French, witness for the appellant, shows that the partnership was not in existence at the time the deed was executed by French to Miller, and under which appellees claim.   But the same witness proves that the land was really the individual property of French.   The deed was confessedly made by him to Miller, and, therefore, its legal effect was to convey the land to Miller, since it was French's exclusive property,

The substance of the allegation of the bill, that by the deed executed and signed by French and Waites, but acknowledged by French, the title passed to Miller, is sustained by the proof; and the rule is, that if the proof supports the bill in legal effect, it is sufficient. Dease v. Moody, 31 Miss., 623. It is immaterial whether the deed was made in the character of partners or not. The allegation was in legal effect, that it conveyed the land to Miller; and if the property really belonged to French, exclusively, and the deed was executed by him, it vested the title in Miller, and of course, in his appellees, his heirs at law. A complainant in equity may prove less than he claims in his bill, if it be of the same nature, and conduces to establish the right claimed in the bill. Keaton v. Miler, 38 Miss., 630.

2. It is true that where a contract is entered into for fraudulent purposes, the law will refuse its assistance to either party to enforce or disturb it. Holman v. Johnson, Cowper, 343; Fermor's Case, 3 Coke, 78; 12 Leigh, 427; Jones v. Read, 3 Davo, 540; 4 Bibb, 70; 7 Gill and John., 132, 136. But this was not a bill to enforce the contract : that was already executed between French and Miller, and the title to the land was fully and finally vested by the deed in Miller; and no aid of the court is asked in the least degree to enforce or confirm it. It is, as between them a contract executed and not to be disturbed.

The scope of the bill—treating the title as completely vested by the deed in Miller—is to remove the cloud upon that title arising from the effort of the appellant, to set up a distinct and independent right founded on his claim derived from the supposed interest and title of Waites; it is not to enforce and carry into effect the appellees' title, but to extinguish an adverse and distinct title set up under Waites. But for that adverse and independent title set up, his appellees might have reposed on their legal title against all the world, except the creditors of French.

3. - The fraud which will debar a party of relief in a court of equity, must be fraud as between the parties to the liti-

gation, claiming rights under one and the same contract or transaction. Boyd v. Thornton, 13 S. & M., 338. Whatever fraud there may have been in the conveyance by French to Miller, is a matter with which the creditors of French, or subsequent purchasers, without notice, only can complain. The appellant, not claiming under French, and deriving no title from or through him, has nothing to do with that conveyance. Fraud cannot be made the ground of relief or of objection by a party not concerned in it, and who has received no damage from the transaction. 5 How., (Miss.,) 673 ; 1 S. & M., 443; 24 Miss., 508

Simrall, J., delivered the opinion of the court :

· This suit in chancery was brought by the complainants, appellees in this court, to vacate and cancel certain deeds, under which the defendant, Thomas Walton, the appellant, claimed title to the quarter section of land therein mentioned.

The complainants allege their title to be as follows; Eli Waites and Lebbeus French were partners in the purchase and sale of land; of the lands, " so bought, held, and sold by said partnership," was the quarter section in dispute. Each member of the firm was authorized to sell and convey lands belonging to the firm. On the 18th of June, 1851, " French, in the name of said partnership," sold and conveyed, the quarter section to one Samuel M. Miller, which deed was duly acknowledged and recorded, and is exhibited with the bill. After this conveyance in 1858, said Waites sold and conveyed the same parcel of land to Martha L. Davis, who sold and conveyed to D. C. Postwood; Walton became purchaser at sheriff's sale, under judgment and execution against Postwood.

The land is wild, and never has been occupied and cultivated.

Walton, in his answer, denies the partnership between Waites and French, and the purchase of this quarter section on joint or partnership account; denies also any valid agree-

ment, authorizing each member to sell and convey, so as to vest "all the title of said Waites and French in a purchaser;" insists that to constitute such authority, the agreement must be under seal; and there was no such agreement; that the deed made by French to Miller was absolutely void, as to the interest of Waites; that at its date, if a partnership ever existed, it had terminated; submits that the deed purporting to be by French and Waites, is not good to convey the interest of French; no consideration passed from Miller to French, but it was without consideration; the conveyance was made to Miller to protect the land from judgments against Waites; French took at the same time from Miller a bond to reconvey the land; Miller knew the purpose of French; after this French "conveyed the land to Waites in a settlement between them;" French destroyed said bond, being advised it was of no value.

French in his deposition says: That he made the deed to Miller without consideration, to change the nominal ownership, so as to prevent Waites' creditors from taking it, being bound as surety for Waites. Miller was informed of the purpose, and gave a bond to reconvey. Afterwards Miller refused to reconvey, and in the summer of 1863 witness burned the "deed," thinking it of no value. The partnership did not exist at the date of the conveyance to Miller, though it had existed.

The land belonged to him individually, and was entered in his own name. Waites was to have an interest when he paid, which he never did.

The complainants place their right, to have dissipated, the cloud, which obscures their title, by the conveyances under which Walton claims, on the ground that there vested in their ancestor, French, the entire title which was in Waites and French, by the deed from French to him in 1851.

Walton denies the partnership and the authority, of either party, to convey the lands as claimed in the bill. There was testimony proving the partnership, but there was no evidence of such authority in the members of the firm to

convey. The deed to Miller, under which complainants derive title, purports to have been made by Waites and French, and is so signed, but was only acknowledged by French as "his act and deed." It devolved upon the complainants to show authority in French thus to convey the joint interest, in order to overcome the denial of the answer. Failing to do so, the deed was only operative to pass the individual interest of French who executed it.

The complainants only show title to a moiety of the land. The other undivided half owned by Waites was transferred by his conveyance to Mrs. Davis, which came by mesne conveyances to the defendant Walton.

It is well settled that the complainants must exhibit a complete legal or equitable title to give them relief by cancellation against an opposing claim. He must be in the words of the statute, the " true owner." And must satisfy the Chancellor that the adverse claim is "shadowy," rather than substantial, "apparent" rather than "real." Huntington v. Allen, 44, Miss. Rep., 662; Banks v. Evans, 10, S. & M., 62; Boyd v. Thornton 13, S. & M., 344.

Walton takes exception to the complainant's title, as utterly invalid, of no virtue in a court of equity, because no consideration was paid by Miller to French, and because the conveyance was made to place the property beyond the reach of creditors. It seems to us that this objection arises in a misconception of the doctrines of the courts respecting fraudulent conveyances. Such conveyances are entirely good as between the parties and all *other persons,* except those who are injured, or intended to be injured, by them, to-wit, creditors of the grantor. Sherk v. Endress, 3 Watts & Serj. 255; Dyer v. Homer; 22 Pick., 253; Randall v. Philipps, 3 Mason, 378, *et seq.* The statute of frauds and perjuries of 1822 and 1857, in terms, makes the " gift, grant, conveyance, * * contrived of covin, collusion * * to the intent * to hinder, delay or defraud creditors * * shall be from henceforth deemed and taken *only* as against those persons, their heirs, executors, * * whose debts. * * might

by such practices * * be disturbed, hindered or delayed, to be utterly void. If *only* void as against the creditors and other persons injured, the statute by implication makes the conveyances, &c., good, as to all others.

There is a distinction between an executed and an executory fraudulent contract. As to the latter, the court, where the parties are equally participants in the fraud, *in pari delicto*, will leave them in the predicament where they place themselves, by denying any relief or interference. But where the contract is executed, as in this case, by a deed transferring the title to Miller, the court acts upon the same principle declining altogether to cancel the deed and restore the title to French. But the effect is very different; in the former case, specific performance will be refused; in the latter, the fraudulent grantee remains owner of the estate against the grantor and his heirs, and against all other persons except the creditors of the grantor.

A voluntary reconveyance by the fraudulent grantee to the original grantor will be fraudulent and void against the creditors of the former. Chapin v. Pease, 10 Conn., 69. The estate in the fraudulent grantee is complete and fully vested, so that it is subject to sale and conveyance, or to descent; the title cannot be impugned for the covin and collusion, in which it was contrived and transferred by any other person, except those injured by the deceit and fraud. No other person can assail the conveyance made to Miller, except the creditors of French. If French had not destroyed the agreement with Miller to reconvey, equity would have refused on his application a specific performance. The paper was of no value to French, and he lost nothing by its destruction.

An argument has been made, by the appellant, that inasmuch as the statute makes void the conveyance *only* against the creditors of the grantor, therefore the contract, or bond to reconvey, was obligatory and enforceable against Miller by French, and therefore the complainants have but a dry legal title, whilst the complete beneficial equitable title is in French. The statute was designed exclusively for the benefit

of creditors, that is the import of the word "*only*." The rights of the immediate parties to the fraudulent conveyance are left to be dealt with by the common law. *Ex turpi causa non actio oritur*, a party applying to a court of equity for relief, must have an honest and just claim. To extend aid to either party engaged in a conspiracy to cheat and defraud, would be to sanction the wrong and carry it to a successful consummation; therefore equity will not decree a specific performance of an agreement by the fraudulent grantee to reconvey the property to the debtor. Sweet v. Tinslor, 52 Barb., 271; Canton v. Dorchester, 8 Cush., 525; Grider v. Graham, 4 Bibb, 70; Baldwin v. Canthorne, 19 Vesey, 166; Ellington v. Currie, 5 Ire., Eq. Rep., 21.

We think that the complainants failed to establish a legal title to the entire tract, as averred in their bill. The utmost of their right is a title to French's undivided moiety. If that be so, it is shown by the averments of the bill that Walton has acquired a title to the other half. In this aspect of the case, it was error to cancel the deeds under which Walton claims. A circumstance was brought out in the deposition of French, which tends to indicate that the entire title to the land was in him. He says that he individually entered the land in his own name; that Waites was to be interested, upon paying for another quarter section, which he never did. If this be so, the complainants may have title to the whole tract, but in a mode different from that stated in the bill.

We are satisfied that the decree of the Chancellor is erroneous. It is reversed, and judgment rendered here, dismissing the bill, but without prejudice to the rights of either party at law.