ALFRED LADNER v. SYLVAN LADNER.

**Chancery Practice — Removal of Clouds from Title — Decree.**
>    Where a complainant seeks to cancel a patent issued to the defendant
>    in the bill to certain land described therein as a cloud on his title a
>    decree which cancels the patent is too broad when it is shown that the
>    complainant only had title to an undivided two-thirds interest in the
>    land.

Sylvan Ladner filed the bill in this case in the Chancery Court
of Harrison county against Alfred Ladner, in which he charges
that he had purchased the lands described in the bill on Septem-
ber 22, 1877, from Jalouse Whitfield and Helion Whitfield and
W. A. Whitfield, guardian of W. W. Post and V. M. Post, minor
heirs of Irene Whitfield; that it was swamp and overflowed lands
which they had purchased from the authorities of Harrison county
in 1859, and that they delivered to complainant their certificates
of said land, which were presented to the swamp land commis-
sioner, who issued a patent for same on November 12, 1877, to
complainant; that the defendant, Alfred Ladner, on the 10th of

1

Equity will, by injunction, prevent a cloud on title by execution or judicial
sale. Irwin v. Lewis, 50 Miss. 363; Christian v. O'Neal, 46 Miss. 659.

A conveyance by one tenant in common purporting to convey the whole
estate, passes only his interest. (Code 1857, art. 7, p. 307.) His co-tenants
may maintain a bill to cancel the conveyance as a cloud upon their interests.
Williams v. Tucker, 47 Miss. 678.

Complainant is required to show that he is the legal or equitable owner
of the land. If he does not do this, and his title is denied, he will fail,
regardless of the defendant's title. Walton v. Tusten, 49 Miss. 569; Handy v.
Noonan, 51 Miss. 412; Griffin v. Harrison, 52 Miss. 824; Hart v. Bloomfield,
66 Miss. 100, 5 So. 620; Chiles v. Gallagher, 67 Miss. 413, 7 So. 208; Soria v.
Stowe, 66 Miss. 615, 6 So. 317; Bank v. West, 67 Miss. 729, 7 So. 513;
Ricks v. Baskett, 68 Miss. 250, 8 So. 514; Wilkerson v. Hiller, 71 Miss. 678,
14 So. 442; Pierce v. Hunter, 73 Miss. 754, 19 So. 660.

In an action to quiet title, where complainant's title is put in issue, she
must aver and prove that she is the owner of the property, either by a good
legal or equitable title. Chiles v. Champenois, 69 Miss. 603, 13 So. 840.

In a suit to remove a cloud on title, the burden is on plaintiff to establish
that he himself has a perfect legal or equitable title. Stevens Lumber Co. v.
Hughes, 38 So. 769.

April, 1877, made application to the swamp land commissioner to enter said land, and by false representations that the land was still vacant procured a patent from the State to said land; that when complainant presented his certificates to the said swamp land commissioner he informed defendant that his patent was issued by mistake and requested him to return it for cancellation; that this patent is a cloud on complainant's title; that the said defendant had instituted suit in a justice of the peace court to recover the sum of $150 damages for cutting forty trees on said land, and the cause had been tried in that court, resulting in a judgment for complainant, but defendant had appealed from that judgment to the Circuit Court and would introduce the said patent in evidence in that court unless restrained. The prayer was for the cancellation of the patent and for a writ of injunction restraining defendant from using his said patent as evidence in said trial. Defendant answered the bill denying that he procured the patent by false and fraudulent representations and setting up a claim by adverse possession for more than ten years. On the hearing it developed that complainant only had an undivided two-thirds interest in the land. From a decree granting the relief sought in the bill defendant appeals.

Appealed from Chancery Court, Harrison county, Geo. Wood, Chancellor.

Reversed and remanded, February 27, 1881.

*Attorney for appellant, R. Seal.*

*Attorneys for appellee, Champlin & Henderson.*

Brief of R. Seal:

The demurrer filed by defendant to complainant's said bill should have been dismissed; because under, the statute upon which the proceedings were had, the complainant must show by his bill and exhibits that he had, first, a clear legal title, or, second, a complete, equitable title. The bill charges that he had both a legal and equitable title. Now, if he had the legal title, he certainly did not have an equitable title; and if he had a clear equitable title he then had no legal title.

The court is referred to the following authorities: 51 Miss. 166; 51 Miss. 789; 47 Miss. 144.

Complainant's exhibit "A," which is part of this bill, shows that W. W. Post and V. M. Post were the minor heirs of Irene Whitfield Post, two of the vendors to complainant, and no authority for making said deed, so far as the interest of these minors is concerned. It is made without any order or decree of any court's authority; the sale or conveyance of their interest is therefore void, and the title is still in them.

If the complainant had either the legal or equitable title, it was only to one-half—that is, the right of Helen, of Shelly Whitfield, and James St. L. Whitfield. There is surely a failure to show a clear legal or equitable title to the interest of these minors.

W. A. Whitfield signed the deed in the double capacity of trustee and guardian; he could not have been both, and this fact is evident that he was in doubt. He cannot ask under this bill to have the cloud removed from his title to the whole tract of land, when he owned a part only.

The final decree should have been in favor of defendant, because the testimony shows clearly that W. W. Post and V. M. Post were minors, and that W. A. Whitfield had not been appointed guardian of said minors. And for that reason he had no authority to make and convey the interest of these minors to complainant; and as to the question of fraud, it was practiced on appellant by the said W. A. Whitfield, who informed him that he had no title to said section 4 described in said bill.

It is clear from the evidence in this case that the said complainant was a speculator, and trying to get the advantage of defendant he entered into a written agreement with his vendors on the 22nd of September, 1877, the same day he obtained his deed, to the effect that if other parties, not known to the conveyance, had built homes and had settled upon portions of said land, and though without legal title may be injured by said sale, and for the sake of good neighborship, and for the sum of 50 cents per acre, and the proportionate part of the expenses of a survey, the said Ladner, complainant, was to convey in *fee-simple* to such party as had built, etc. Sylvan Ladner, complainant, without calling upon defendant, asking for a portion of the expenses of the survey, or tendering a deed, goes into possession by force (he was out of possession) and commenced cutting timber on said land so built on.

The court is referred to this agreement. He has no claim to equitable relief unless he was willing to do equity. Now, if he had any remedy it was at law. The statutes were not intended to enlarge the powers of equity, or draw from the Circuit Courts the jurisdiction to try action of ejectment. See 47 Miss. 395; 49 Miss. 229.

In this proceeding the Chancery Court will neither try legal or doubtful titles. I respectfully ask that this case be reversed and the bill dismissed.

Brief for appellee is not found in the record.

OPINION.—*Per curiam:*

The decree is too broad in that it cancels the patent issued to the appellant, whereas the appellee has no valid claim to more than an undivided two-thirds interest in the land. In order to correct this error and limit the decree to the right of the complainant in the bill, the decree will be reversed and the cause remanded for a decree below in accordance with this view.

The patent should be ordered to be cancelled and the appellant be enjoined from using or attempting to use it as to an undivided two-thirds interest in the land described.

*Reversed and remanded.*