## J. T. GRIFFIN VS. A. J. C. HARRISON.

1. CHANCERY COURT PRACTICE: *Bill to remove cloud from title.*

The statute in reference to the removal of clouds from titles enlarges the principle upon which courts of equity were accustomed to administer relief. It is an established rule, both in courts of law and equity, that a party must recover on the strength of his own title, and not on the weakness of that of his adversary. He who comes into equity to get rid of a legal title, which is alleged to overshadow his own, must show clearly the validity of his own title, and the invalidity of his opponent's. A court of equity will not set aside a legal title on a doubtful state of case.

APPEAL from the Chancery Court of *Chickasaw* County.

Hon. WILLIAM D. FRAZEE, Chancellor.

The facts in this case are very fully set out in the opinion of the court.

Errors are assigned as follows :

1. The court erred in sustaining the allegations of complainant's bill, and granting the relief sought upon the proof adduced on the trial of the cause in the court below.

2. The court erred in overruling defendant's demurrer to complainant's bill.

*Martin & Bates*, for appellant :

Our supreme court have repeatedly held that he who comes into a court of equity to get rid of a legal title, which is alleged to overshadow his own, must show clearly the validity of his own title, and the invalidity of that of his opponent. Huntington v. Allen, 44 Miss., 663.

The case does not come within the provisions of the Code of 1871, § 975. Kerr v. Freeman, 33 Miss., 297. The ground of relief is based upon a negative allegation, and he assumes the onus of proof. 1 Greenl. on Ev., § 78 ; Banks v.

Evans, 10 S. & M., 62 ; Boyd v. Thornton, 13 ib., 344. The auditor accepted the redemption money, under the Code of 1871, § 1700. The proof falls short of establishing a predicate for the introduction of secondary evidence of the contents of the last deed. Scott v. Loomis, 13 S. & M., 640 ; 1 Greenl. on Ev., § 558. Upon the facts alleged complainant has full remedy at law. Hazier v. Bailey, 47 Miss., 400 ; Eldridge v. Smith, 34 Vt., 484 ; Story's Eq. Jur., § 694.

*A. H. Handy*, on the same side.

[The reporters find no brief on file for the appellee.]

TARBELL, J., delivered the opinion of the court.

Bill by Harrison & Foster v. Griffin to dispel clouds from title to lands described in the pleadings. A demurrer to the bill was overruled. Upon answer, exhibits, and proofs there was a decree sustaining the bill, when the respondent in the action prosecuted this appeal.

Two errors only are assigned, viz., in overruling the demurrer, and in granting the relief prayed for. The complainants stated their title as follows : 1st. Patent of the land from the United States to S. W. Vernon. 2d. Deed from Vernon to Foster, one of complainants. 3d. Sale to the state for taxes in 1847, and an obligation of redemption in 1848 by the complainants jointly. 4th. Purchase from state in 1871, and deed from the auditor reciting the lands as sold to the state in 1861 for taxes due.

Foster testifies positively to a conveyance to him from Vernon ; says he forwarded it in an envelope to the clerk for record. It is alleged in the bill that the records were subsequently burned. This is not denied. Foster says he has searched faithfully, in vain, for the deed, and believes it lost or destroyed.

There is a certificate of sale to the state in 1847, but no evidence of redemption in 1848 by complainants, except the allegations of the bill, which are denied. Nor is there any evidence of forfeiture to the state in 1861, except the recitals in the auditor's deed to complainants in 1871.

Title in the state, sale in 1861, and the right of the state to convey in 1871, are very fully denied by the answer. The deed to complainants from the auditor, in 1871, was duly recorded soon after its execution. Griffin, respondent to the bill, claims title thus: 1st. Tax collector's deed on sale for taxes in 1863, for tax of 1862, assessed and sold as the property of Whitsett and Lewis. 2d. Deed from the circuit clerk, on redemption, under the laws of 1872, for taxes due the state for 1864, Griffin claiming a right to redeem in virtue of his tax title of 1863.

He testifies that the land is wild and uncultivated; says he has claimed to own it since 1863; has exercised acts of ownership over it, paid taxes on it, offered to sell it, has kept off intruders, and protected it as his own, but has not resided upon it. The deed of the clerk to Griffin, in 1872, was duly recorded. His tax deed of 1863 was recorded in 1873.

The rules by which this case must be determined are chiefly laid down in Huntington v. Allen, 44 Miss., 654. "The statute in reference to the removal of clouds from titles enlarges the principle upon which courts of equity were accustomed to administer relief. It is very broad—allowing the real owner, in all cases, to apply for the cancellation of the deed, or other evidences of title, which casts a cloud or suspicion on his title. It is an ancient and well established rule, both in courts of law and equity, that a party must recover on the strength of his own title, and not on the weakness of that of his adversary." Watts v. Lindsey, 7 Wheat., 242. The principle is very aptly stated in Banks v. Evans, 10 S. & M., 62. "He who comes into equity to get rid of a legal title, which is alleged to overshadow his own title, must show clearly the validity of his own title, and the invalidity of his opponent's." Nor will equity set aside a legal title on a doubtful state of case. In further exposition of the same principle, it was declared in Boyd v. Thornton, 13 S. & M., 344, "the complainant must be prepared to sustain the entire fairness of his own title." Tested by the rules thus declared, how stands the case at bar? The

complainant shows a sale, or forfeiture, to the state for taxes in 1847. There is in the bill an allegation of redemption in 1848, but this is denied and there is no evidence in support of it. This casts a doubt upon the title of the complainants, within the rules quoted from Huntington v. Allen.

Manifestly the complainants must rest their cause upon their purchase and deed from the auditor in 1871. This deed recites that the land in controversy was sold May 6, 1861, to the state for taxes. The answer fully denies that sale, denies title and right in the state to sell, and puts that title emphatically in issue. In support of their title from the auditor the complainants offered no evidence, except the auditor's deed. To this conveyance the respondent to the bill was not a party, nor privy, but was a stranger thereto. Unless there was title in the state, the complainants took nothing by the auditor's deed. This is *prima facie* evidence of some facts, but not of others. It is not evidence of title in the state. Laws of 1842, ch. 1; Laws of 1860, 154, § 7, p. 216; Ray v. Murdock, 36 Miss., 692; 1 Greenl. on Ev., § 23; ib., 26, and notes; 1 C. & H. & E's notes to Phillips on Ev., 472; 2 ib., 574, note 476.

The result of these authorities is that the chancellor erred in sustaining the complainants' bill: first, in overruling the demurrer thereto, and then upon the proofs.

Bills to dispel clouds are becoming common—if possible, too common—as they are almost superseding actions of ejectment. It is not seen why the rights of the respective parties hereto cannot be satisfactorily adjusted in a court of law, and if so, the cause should be remitted to that forum. Glazier v. Bailey, 47 Miss., 44.

Decree reversed and bill dismissed.