W. A. HARRILL v. JOSEPH ROBINSON ET AL.

| 61 | 153 |
| 71 | 679 |

1. BILL TO REMOVE CLOUDS. *Complainant's title. How set forth.*
   A bill to remove clouds from title is not maintainable if it alleges that the complainant is the true and equitable owner of said land by purchase from a person whose title it fails to show.

2. SAME. *Creditor's bill. Averments.*
   Such a bill which discloses that the complainant once had the right to subject the land as his vendor's creditor, is not maintainable in this aspect unless it shows that he still occupies that position.

APPEAL from the Chancery Court of Chickasaw County.

HON. L. HAUGHTON, Chancellor.

The bill to which the appellees' demurrer was sustained alleged that the appellant is the true and equitable owner by purchase in fee simple with deed of general warranty from David and Ailsey Robinson, his wife, of certain land, their deed being executed on March 5, 1879 ; that on October 20, 1874, David Robinson executed a deed of trust upon the land in order to secure a debt which he then owed the appellant, but allowed the taxes for the same year to remain unpaid, and on May 10, 1874, the land was sold to the State ; that on August 4, 1876, one Griffin purchased the land from the State, and on June 6, 1877, sold it to David Robinson, but, in order to defeat the appellant's debt, the deed was made to his wife Ailsey and their children, the other defendants ; that, pretending to better secure the appellant's debt, David Robinson, on March 6, 1877, executed a trust deed on his crops to be grown that year, but that, in reality, he applied the crops to the payment to Griffin of the purchase-money of this land ; that David Robinson, with his wife and their children, are in possession, asserting ownership under the tax title, but that the tax sale was void for a number of specified reasons, and their claim of right casts a cloud on the appellant's title ; and he, therefore, prays that the tax deed and the deed from Griffin be canceled and held for naught upon his refunding to the defendants the taxes and interest.

*McIntosh & Williams,* for the appellant.

The bill alleges that the appellant is the real owner of the land in controversy, and this is sufficient to sustain it. *Cook* v. *Friley, ante* 1. But this bill goes further and states the facts which show that the complainant is owner. Again, the Griffin transaction was fraudulent. As mortgagor in possession, it was Robinson's duty to pay the taxes, but he neglected this in order to defeat the complainant's deed of trust. It is a mere evasion to permit the wife to purchase where the husband is forbidden. *Hardeman* v. *Cowan,* 10 S. & M. 486; *Taylor* v. *Eckford,* 11 S. & M. 21.

*W. T. Houston,* for the appellees.

The cases of *Hardeman* v. *Cowan,* 10 S. & M. 486, and *Taylor* v. *Eckford,* 11 S. & M. 21, were overruled by the decision in the case of *Carter* v. *Bustamente,* 59 Miss. 559, which established the doctrine that a wife can purchase under the circumstances of this case. It is immaterial, however, to the complainant what may be the defects in the defendant's title unless he is the owner of the land. The defendants, who hold title and assert property in this land, claim through Griffin a title hostile to the complainant's and to that of his grantors. The appellant is not in possession and so must bring himself clearly within the rule requiring him to show that he is the real owner as against the world. *Huntington* v. *Allen,* 44 Miss. 654, 662; *Adams* v. *Harris,* 47 Miss. 144; *Glazier* v. *Bailey,* 47 Miss. 395; *Carlisle* v. *Tindall,* 49 Miss. 229, 233; *Walton* v. *Tusten,* 49 Miss. 569, 575; *Handy* v. *Noonan,* 51 Miss. 166; *Phelps* v. *Harris,* 51 Miss. 789; *Griffin* v. *Harrison,* 52 Miss. 824. The bill alleges that the complainant is real owner by virtue of a deed from David and Ailsey Robinson, but fails to allege title in them or to show that they had any claim to the land by prescription or otherwise.

COOPER, J., delivered the opinion of the court.

The complainant is not entitled to maintain his bill as one to remove a cloud from his title because he does not show therein that he is either the legal or equitable owner of the land described in it. True, he says he " is the true and equitable owner by purchase

in fee simple with deed of general warranty from David and Ailsey Robinson, his wife," but there is no statement that his vendors had any title themselves, and if they had not he acquired none by his purchase. The statement is not that he is the equitable owner of the property, but that he is the owner in a particular way, to wit: by purchase from Robinson and wife. But whether such purchase made him such owner, depends upon the question whether they had title, and there is no averment that they had. The bill is not maintainable as a creditor's bill, because the complainant comes as purchaser and not as creditor. He was once a creditor, and as such may have been entitled to have the title of the defendants divested or subjected to his demand. But that he is now creditor is nowhere shown, and though all the facts stated may be true, *non constat* that, he may have been fully paid all the debts due him by Robinson.

*Decree affirmed.*