JULIANA HART *v.* HORACE BLOOMFIELD.

1. CHANCERY PRACTICE. *Answer. Date of filing. Time for taking testimony.*
   Where an answer in chancery is filed March 13, and is signed by the defendant on that day, the clerk making and subscribing an indorsement, "sworn to and subscribed before me this 13th March, 1888;" the five months' time allowed for taking testimony begins to run from that date, notwithstanding the record shows a more full and formal affidavit to the answer, written out and subscribed before the clerk on March 14.

2. SAME. *Time for taking testimony. When waived.*
   If a cause be set down by defendant for final hearing before the expiration of the five months allowed for taking testimony after the filing of the answer, and the solicitors for complainant are present and take part in the trial, without objecting that the cause is prematurely set down, this will be a waiver of complainant's right to further time for taking proof.

3. BILL TO CANCEL TITLE. *Complainant must show title in himself.*
   It devolves upon a complainant who seeks in chancery to cancel the title of a defendant, to show that he is the legal or equitable owner of the property. If he does not, and his title is denied by the answer, he must fail, regardless of whether the defendant's title be good or bad.

APPEAL from the chancery court of Harrison county.

HON. SYLVANUS EVANS, Chancellor.

The appellant, Juliana Hart, exhibited her bill in the chancery court of Harrison county, against the appellee, Bloomfield, in which she alleged as follows : That she was the real owner of two certain lots of land in said county; that the defendant asserted a pretended claim to the lots by virtue of a deed from the state of Mississippi, executed in 1887 ; that this deed is wholly illegal and void, and casts a cloud and suspicion upon the title of appellant, the true owner. The prayer of the bill was for cancellation of defendant's deed. The defendant answered, denying complainant's title, and averring his own title as above set out.

The answer, bearing the signature of defendant, was filed on March 13, 1888, and contains opposite the signature the following indorsement : "Sworn to and subscribed before me, this March 13, 1888, F. S. Hewes, clerk."

Below this also appears a formal affidavit made and signed before the clerk and dated March 14, 1888.

Proof was taken, and on August 14, 1888, during the term of the chancery court, the cause was set down for final hearing by the defendant. The solicitor of the complainant took part in the trial, and the record fails to show that an objection was made by him on the ground that the cause had been set down for hearing before the expiration of the five months allowed, after filing of an answer, for taking proof.

The chancellor found and recited in the decree that the title of the defendant was valid, and that the complainant had shown no title in herself, and dismissed the bill.

As evidence of her title, the complainant introduced a deed from one Leovy and his wife to her, executed in 1852. This was the only evidence introduced by complainant in support of her title, no proof being offered to show from what source Leovy and wife obtained their title, nor was any possession by them or complainant proven. There was evidence offered by complainant to defeat, and by defendant to uphold, the state tax-title relied on by the latter, but as the decision of the cause in this court is made regard-

less of the validity or invalidity of the defendant's title, it is not deemed necessary to set out the evidence in reference to it.

*W. G. Evans, Jr.*, for appellant, filed a brief, the greater part of which has reference to the title relied on by the defendant, and insisting that the same was void, and that complainant's bill should be maintained.

If the chancellor was of the opinion that the bill was not supported by the proof, it was his duty to dismiss it, but in no case where the jurisdiction is invoked to remove clouds can the chancery court try conflicting titles, and decree that the complainant had no title and that the title of the defendant is a valid legal title, and that complainant's title is a cloud on defendant's. 31 Miss. 789 ; 49 Miss. 229.

If complainant fails to show a good title in himself, and to show that the defendant's is shadowy and not real, the result should be a dismissal of his bill, and not a decree that defendant's title is valid.

*Nugent & McWillie*, on same side.

The cause was prematurely set for hearing. The bill being verified by affidavit, and the appellant not waiving an answer under oath, our statute requires that the answer should be sworn to. Code 1880, § 1874. It was actually sworn to March 14, 1888. Not being an answer such as the law required before, the fact of its having been filed March 13, 1887, can be of no service. It can be treated as an answer only from the 14th March. Five months are allowed for taking depositions after answer is filed before it can be set down for hearing. Counting from March 15, 1888, the five months did not elapse until August 15, 1888, whereas the cause was set down for hearing August 14, 1888. The five months should intervene between the filing of the answer and the setting the case for hearing, excluding one of these dates, and including the other. *Mitchell* v. *Woodson*, 37 Miss. 567. No exception to the action of the court was necessary ; the provision of the code is mandatory, and addresses itself directly to the court. Code 1880, § 1941.

While it is true that the answer traverses the allegations of the

bill as to the real ownership of the appellant, this is only upon the idea that the tax-title is valid. Upon the general warranty deed by Leovy and wife to appellant, there would arise a presumption of ownership in fee, and the proceedings, fairly considered, seem to concede such ownership by appellant.

The court erred in entering a decree for appellee, and in adjudging his title to be good. There was no cross-bill filed, and the court could not, in this case, grant affirmative relief to the appellee. _Dingey_ v. _Paxton_, 60 Miss. 1038 ; Blackwell on Tax-Titles, 125 ; 61 Miss. 1. The defendant did not impugn the title of the appellant otherwise than by the assertion of title in himself under the auditor's deed, and if the controversy should be restricted to the parties contesting the title, of which there is little doubt, the appellant showed the better right to the property. A court of equity cannot adjudicate conflicting titles.

In conclusion, we respectfully ask the court, if the pleadings and the mode of presentation of the evidence were such as to prevent a proper hearing and adjudication of appellant's rights to the land, to reverse and remand the case, with leave to amend the pleadings. as the parties be advised, and to take further proof.

_Horace Bloomfield, pro se._

The decree was properly for the defendant. The answer denied the allegations of the bill, and the complainant failed to prove them.

The suit was brought under § 1833 of the code of 1880, which is identical with the code 1871, § 975.

The complainant must show clearly the validity of his own title and the invalidity of his opponent's. He must disclose a perfect equitable or a complete legal title. _Handy_ v. _Noonan_, 51 Miss. 166. Complainant must be the " true owner," and must satisfy the court that his adversary's claim is shadowy rather than substantial, apparent rather than real. _Walton_ v. _Tusten_, 49 Miss. 569. The complainant failed to do this, and the decree dismissing the bill was proper.

_W. P. & J. B. Harris_, on same side.

It is an established rule, both in courts of law and equity, that a

party must recover on the strength of his own title, not on the weakness of that of his adversary. He who comes into equity to get rid of a legal title, which is alleged to overshadow his own, must show clearly the validity of his own title and the invalidity of his opponent's. A court of equity will not set aside a legal title on a doubtful state of case. *Griffin* v. *Harrison,* 52 Miss. 824; *Walton* v. *Tusten,* 49 Miss. 569 ; *Handy* v. *Noonan,* 51 Miss. 166 ; *Adams* v. *Harris,* 47 Miss. 144.

The complainant has wholly failed to show a complete legal or equitable title in herself, or those under whom she claims. She introduced a deed from one Leovy and wife to herself, executed in 1852, and nothing more. She does not show that she ever went into possession, or that Leovy and wife had a shadow of title to the land. The answer transverses the allegation of the bill that complainant is the true owner, and this allegation is not, as counsel contend, " only upon the idea that the tax-title is valid." The traverse of ownership is distinct and emphatic, and is in . a distinct paragraph in the answer.

It is insisted that the cause was prematurely set for hearing. This point is made for the first time in this court. But under the rule invoked by appellant, *Mitchell* v. *Woodson,* 37 Miss. 567, we insist that full five months had elapsed from the date of the formal jurat. Bearing in mind the number of days in each of the months and making the calculation, we have five full calendar months between March 14 and August 14.

It is urged that the court erred in adjudging the defendant's title good. It is insisted that the court granted the defendant affirmative relief and in so doing exceeded its power, as there was no cross-bill in the cause. We insist that the court did nothing more than it should have done, and that no affirmative relief was asked or granted. The decree only contains the recital that it appeared to the court that, " the title held by defendant was and is a legal and valid title, instead of a cloud on complainant's title."

In *Cook* v. *Friley,* 61 Miss. 1, this court says : " The defendant in such a case must maintain his claim or right, or it will be

disposed of by a decree against him. If he asserts a claim or right to the land, its validity will be passed on by the court."

This is all the court did here ; it passed on the title asserted by the defendant.    The decree is in proper form.

If the chancellor went too far, this court would remedy the matter here and not reverse and remand the cause.

COOPER, J., delivered the opinion of the court.

It is argued by counsel for appellant that the decree must be reversed, if for no other reason, because the cause was set for hearing one day before the expiration of the five months allowed by law for the taking of proof after answer filed.

The answer of the defendant was filed on March 13, and the cause was set for final hearing by the defendant on the 14th day of August following ; but counsel for appellant contend that when filed the answer was not sworn to, but that the jurat was made on the following day, wherefore that day should be taken as the date of the filing of the answer.    There are two replies to this position, either of which is sufficient : The record shows that the answer was subscribed by the defendant and sworn to before the clerk on the day it was filed.    Immediately following the signature of the defendant is this certificate by the clerk, " sworn to and subscribed before me, this 13th March, 1888, F. S. Hewes, clerk."    On the following day an additional and more formal jurat was filed ; but this did not have the effect of controlling the date of the filing. But it also appears by the record that the complainant was present by her counsel and took part in the hearing of the cause, without objection on her part that it had been prematurely set for hearing. This was a waiver by her of her rights to further time in which to take proof under the statute, if the hearing was in fact within five months from the filing of the answer.

The decree must be affirmed, regardless of the validity of the defendant's tax-title, for the reason that the complainant has not shown that she is either the legal or equitable owner of the lands in controversy.    It is well settled that a complainant seeking to secure cancellation of the title of the defendant must show himself

to be the owner, in law or in equity, of the subject-matter in dispute. If he is not, he has no reason to concern himself about the title of his adversary. The defendant denied complainant's averment that she was the owner of the land described in her bill, and this devolved on her the burden of establishing that fact. *Huntington* v. *Allen,* 44 Miss. 654; *Adams* v. *Harris,* 47 Miss. 144; *Walton* v. *Tusten,* 49 Miss. 569; *Handy* v. *Noonan,* 51 Miss. 166; *Cook* v. *Friley,* 61 Miss. 1; *Phelps* v. *Harris,* 51 Miss. 789; *Griffin* v. *Harrison,* 52 Miss. 824; *Harrill* v. *Robinson,* 61 Miss. 153.

*The decree is affirmed.*

Counsel for appellant filed a motion to correct the decree of affirmance so as to make it conform to the opinion, and recite that the decree of dismissal is affirmed regardless of the validity of the defendant's tax-title, or without prejudice to the appellant's right in any action at law that may hereafter be brought by or against appellant. After argument the motion was                *denied.*