LUSK ET AL. *v.* SEAL.

[91 South. 386. No. 21457.]

1. TAXATION. *Proof of nonpublication of notice of sale of lands for taxes, without evidence that notice was not posted, insufficient to invalidate sale.*

   Proof that the advertisement of sale of lands held by the state for taxes, under Laws 1890, chapter 5, did not appear in the only newspaper published in the county, was insufficient to invalidate the purchaser's title, in the absence of any evidence that notice was not posted as authorized by Rev. Code 1880, section 462, in lieu of newspaper publication.

2. TAXATION. *Proof insufficient to show list of lands subject to sale was not recorded as required by statute.*

Proof that no record of list‴ can now be found by the chancery clerk is insufficient to show that the list of lands *held* by the state for taxes and subject to sale in 1890 was not recorded in a book kept for that purpose by the chancery clerk, as required by Laws 1890, chapter 5.

3. TAXATION. *Failure of officers to correct and prepare list of lands for sale not shown by absence of record in minutes of board of supervisors.*

Proof that the minutes of the board of supervisors show no record that the tax collector, clerk, and president of the board corrected and prepared the list of lands subject to sale, under Laws 1890, chapter 5, is insufficient to show noncompliance with the law, as that was not a matter to be shown by such minutes.

4. APPEAL AND ERROR. *New points raised by suggestion of error not considered.*

There must be an end to the presentation of new questions before the final decision is given by the court of last resort, and new points raised by suggestion of error will not be noticed.

5. TAXATION. *Burden on complainants. seeking to cancel tax title. to show noncompliance with statute.*

In a suit to cancel a tax title acquired under Laws 1890, chapter 5, the burden of proof is on complainant to prove noncompliance with the statute.

6. COURTS. *Concession adopted by court does not decide point.*

A concession of fact or law, adopted in a decision by the supreme court, does not thereby decide the point of law, and may or may not be upheld as the law in a subsequent case, when the question is raised and presented for determination.

APPEAL from chancery court of Calhoun county.

HON. J. G. McGOWAN, Chancellor.

Suit by Claude M. Seal against R. J. Lusk and others. Decree for plaintiff, and defendants appeal. Reversed and rendered.

*Stone & Stone* and *Thos. L. Haman,* for appellants.

*H. H. Creckmore* and *W. J. Evans,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This case was before us on appeal, and a decision was rendered by division A, reversing the decree and entering judgment here for appellant. The opinion of the court stating the facts and conclusion reached and the reasons therefor was reported in the Advance Sheets of 87 So. 156, on April 2, 1921, but it does not appear in any of the books. Upon consideration of the suggestion of error, the decision rendered in the case was set aside, and the appeal considered by the court in Banc upon additional briefs and oral arguments.

Now, after an extended reconsideration of the case, we have reached the conclusion that, with the exceptions and modifications to be presently pointed out, the former decision is correct, and the same shall be reinstated herein as the final judgment of the case by this court. The opinion hereinbefore rendered is in full as follows:

"This is a suit in chancery wherein the appellee obtained a decree canceling title, and awarding possession, of certain land claimed by appellants, to wit, Southeast quarter of Northeast quarter sec. 23, Township 23, Range 9 East, Calhoun county, Miss. The appellee claims title under a deed from the state dated 1917. The appellants claim title under a deed by the sheriff and tax collector of Calhoun county dated October 7, 1890, which was executed by virtue and in pursuance of an act of the Legislature of 1890 entitled 'An act to facilitate the sale of lands held by the state for taxes . . . and for other purposes,' etc. Chapter 5, Laws of 1890. Appellants further contested the right of appellee to maintain his bill, on the ground that the state had no title to the land in 1917 because the sale to the state for taxes in 1886 was void, and the burden was upon the complainant to establish a good title in himself by showing that the state had title in 1917. We think the record discloses clearly that the state obtained a valid title to the land by the sale of 1886; and we see no good purpose to be served in discussing the facts and law with reference

to this sale, because it would be unimportant in view of the conclusion we have reached in the case.

"If the appellants acquired a valid title by the deed executed at the sale in pursuance of chapter five, Acts of 1890, then the suit of appellee must be rejected because his deed of 1917 was void, for the reason that the state had parted with its title to the land to appellants in 1890, and could convey none to appellee in 1917.

"The appellee attacks the validity of the 1890 sale upon several grounds, namely: First, that the sale of the land was not advertised in a newspaper as required by the law; second, that the list of lands subject to such sale was not recorded in a book kept for that purpose by the chancery clerk; third, that the clerk did not certify under his seal the list of lands to the tax collector; fourth, that the tax collector, clerk, and president of the board of supervisors did not meet and correct the list as required by law.

"In support of the first ground the appellee offered proof showing that the advertisement of the sale did not appear in the original copies of the only newspaper published in Calhoun county at that time. What purported to be the original copies of the newspaper were introduced in evidence, and we are assuming the papers introduced contained all the sheets of the newspapers at the time of its publication. But the appellee introduced no evidence to show that the notice of the sale was not posted in three public places, instead of its publication in a newspaper, as provided by law in such cases at that time. Section 462, Code of 1880, permits notice by posting as a substitute for publication in a newspaper, under certain circumstances. And for all we know the requirements of the law as to posting were strictly complied with at the time. Therefore this proof is insufficient to invalidate the title obtained by the appellants under the sale of 1890.

"In an effort to sustain the second ground the appellee introduced the present chancery clerk, who testified that at this time, some thirty years after the date of the sale, he could find no book in which was recorded the list of the

lands subject to the sale of 1890. This testimony is merely negative, and is not of such a character as to show with any degree of certainty that the book was not in the office in 1890, or that it did not contain the recorded list of the land at that time. This proof is insufficient to invalidate the sale, even though it be conceded, which it is not necessary to do, that such a failure of recording the list in a book would be so vital as to destroy the title which was otherwise regular and valid.

"As to the third contention, we think the appellee wholly failed to show that the clerk of the court failed to certify a list of the land under his seal to the collector. It is to be presumed in law that all things were done as required by the act under which the sale was made. The deed so recites, and, in the absence of substantial proof to the contrary, it will be conclusively assumed that the requirements of the statute were fully met.

Regarding the fourth and last ground, that is, that the tax collector, clerk and president of the board of supervisors did not meet and correct and prepare the list of lands as required by the act, the appellee attempted to prove this alleged fact by introducing the minutes of the board of supervisors, which showed no record that the three officers named had met and corrected the list. But we fail to see how this proof establishes the failure of the three officers to act as required by the law. If it be conceded for the moment that a failure to act would be fatal to the validity of the sale, yet it is obvious that the minutes of the board of supervisors would not necessarily show nor would it be proper for such minutes to show, what the tax collector, clerk, and president of the board had done with reference to correcting the list under the special act of the legislature authorizing such sales. This was not a matter of business for the board of supervisors; they were not concerned with it, and certainly would not record upon their minutes any matter over which they had no jurisdiction and with which they were not connected or concerned. There seems to be no provision made by the act for record-

ing the fact that these three officers met in compliance with the statute. But at all events the proof offered by the appellee to show that the three officers named did not comply with the law with reference to the correction of the list is wholly insufficient to invalidate the sale. It is presumed they followed the law.

"Let it be borne in mind, as conceded by all, that the tax collector's deed of 1890 was *prima facie* proof that all requirements of the law had been complied with by him; that the deed was *prima facie* evidence of title in the appellant, which could be overcome only by substantial proof showing failure to comply with the vital and necessary requirements of the legislative act authorizing such sales. In section 4 of said chapter 5, Acts of 1890, we find it provided that 'said deed, when so made by the sheriff, shall convey absolutely all title of the state, or parties claiming under or through her, to said lands.'

"From the views expressed above it follows that the appellee, complainant below, failed to establish the invalidity of the sale to appellants under the act of 1890, and therefore the title to the land involved is in appellants, and not in the appellee, because the sale of 1890 was valid and the sale of 1917 was void.

"The decree of the lower court is reversed, and judgment here for appellants.

"Reversed and judgment here for appellants."

The suggestion of error points out and contends that the opinion by this court was erroneous for many reasons, and that the decree of the lower court was correct in all respects. The suggestion of error and briefs also raise several new points, not presented in the lower court nor here until after the decision on appeal was rendered. We shall not notice the new points raised by the suggestion of error because there must be an end to the presentation of new questions before the final decision is given by the court of last resort.

The principal point in the suggestion of error, which demands consideration and discussion, is that the opinion

seems to be in conflict with the case of *Weiner* v. *Dickerson,* 82 Miss. 63, 33 So. 971, and it is our purpose to "iron out" and reconcile by differentiation the apparent conflict in the two decisions. In the former opinion, quoted above, the paragraph therein which reads as follows:

"Let it be borne in mind, as conceded by all, that the tax collector's deed of 1890 was *prima facie* proof that all requirements of the law had been complied with by him; that the deed was *prima facie* evidence of title in the appellant, which could be overcome only by substantial proof showing failure to comply with the vital and necessary requirements of the legislative act authorizing such sales. In section 4 of said chapter 5, Acts of 1890, we find it provided that 'said deed, when so made by the sheriff, shall convey absolutely all title of the state, or parties claiming under or through her, to said lands ' "

—is the principal cause of all of the trouble, to both counsel and the court, for an extended period of time in the litigation over the title to the forty acres of land involved. The conflict appears to be in this: That in the Weiner Case, *supra,* the court held that a tax title under the Tax Sale Act of 1890, the same as in the case before us, was not *prima facie* evidence of title, which must be overcome by the party attacking its validity, but that the validity of such a title depended upon the holder proving that all of the essential requirements connected with the tax sale had been complied with, and that a failure to meet this burden invalidated the tax title.

The case seems to hold that the burden of proof is upon the holder of the tax deed to make the proof of the statutory requirements under the act of 1890, and that, too, though the tax title is attacked by a bill to cancel. We do not think the opinion intended to so hold, because the rule has been well settled by several decisions of this court, before and after the decision in the Weiner Case, that where it is sought by bill to cancel a deed the burden is on the complainant to make the proof invalidating it. *Handy* v. *Noonan,* 51 Miss. 166; *Griffin* v. *Harrison,* 52 Miss. 824;

*Gambrell Lumber Co. v. Saratoga Lumber Co.,* 87 Miss.
773, 40 So. 485.

The case at bar is one where the appellee was proceeding
by bill to cancel the tax title of the appellant, and there-
fore the burden of proof was upon the appellee, complain-
ant below, to make the proof that the necessary require-
ments under the act of 1890 had not been complied with,
and a failure to make such proof precluded the cancella-
tion of the tax deed in question. This case was tried wholly
upon that theory in the lower court, and as we have said in
the opinion above the complainant, now appellee, failed to
sustain the allegations of his bill in this regard and must
fail in his suit, and in this way it will be readily observed
that there is a clear distinction between the case before
us and the Weiner Case, *supra;* in other words, in the
present case the burden was upon the complainant below,
and in the Weiner Case the burden had there shifted to
the defendants, who relied upon his tax deed under the
act of 1890 to sustain his title. The burden was upon the
defendants there to show a good title, which burden they
undertook to meet, but failed to prove the requirements
of the statute.

In the paragraph we have referred to and quoted above,
it will be noticed that we say: "Let it be borne in mind, as
conceded by all, that the tax collector's deed of 1890 was
*prima facie* proof that all requirements of the law had been
complied with by him."

This concession by counsel that the tax deed was *prima
facie* evidence of title contributed to our faliure to notice
and discuss the Weiner Case at that time, because it is
rarely ever necessary to investigate a question where coun-
sel on both sides of the case concede the fact or the law
to be one way. However, the opinion of the court in hold-
ing that the tax deed under the act of 1890 was *prima facie*
evidence of title could not be harmful as being in conflict
with a prior decision of the court, for the reason that the
concession of fact or law adopted in a decision by this
court does not thereby decide the law point, for it is merely
a concession, which may or may not be upheld as the law

in a case subsequently when the question is raised and presented for our determination.

We have carefully reviewed and considered the many points urged by the appellee as showing the failure of the tax collector and other authorities to comply with the requirements of the act which authorized the tax sale, and we are of the opinion the proof offered by the complainant below was not sufficient to show that any one of the requirements of the statute had not been met by the officers making the sale, now thirty years ago, and we adhere to and readopt the former opinion quoted above as the law of the case.

With the exception of the views expressed herein, the suggestion of error is overruled, and the former decision reinstated.

SMITH, C. J., (specially concurring). A complainant, who seeks to cancel a deed as a cloud on his title to land claimed by him, has the burden of proving, not only the validity of his own title, but the invalidity of the deed which he seeks to cancel, and I concur with the majority in holding that the appellant failed to prove the invalidity of the deed here sought to be canceled, or, to be more specific, that he failed to prove that the tax collector had not complied with the provisions of the statute under which the deed was executed. In our former opinion we held that a deed executed under the statute here in question was *prima facie* evidence that all requirements of the law had been complied with by the tax collector in executing it. The statute does not so provide; consequently this holding was erroneous. *Allen* v. *Poole,* 54 Miss. 323; *Clymer* v. *Cameron,* 55 Miss. 593; *Murdock* v. *Chaffe,* 67 Miss. 740, 7 So. 519; *Weiner* v. *Dickerson,* 82 Miss. 63, 33 So. 971 I understand the court to now so concede, though such concession does not clearly appear from the majority opinion.

In *Weiner* v. *Dickerson, supra,* counsel seem not to have called the court's attention to, and the court seems to have overlooked, the rule that a complainant in a suit to can-

cel a deed as a cloud on his title must show the invalidity of the deed sought to be canceled and to have imposed on the defendant, who claimed through a deed executed under the statute here in question, the burden of proving that the sheriff had complied with all of the provisions of the statute in making the sale. Had the defendant in that case been the complainant seeking to cancel his opponent's title, or the defendant in a suit in ejectment in which his opponent was the plaintiff, the burden of proving that the sheriff had complied with the statute in making the sale would, of course, have been upon him; but he should have been relieved of that burden in the case then being tried, for the reason that in that case his deed was sought to be canceled by his opponent, who, under the general rule, should have been required to prove both the validity of his own title and the invalidity of the defendants.