## A. M. WILKINSON v. H. HILLER & Co.

BILL TO REMOVE CLOUDS. *Complainant must show title.*

> On a bill to remove clouds, where complainant's ownership is denied, regardless of the invalidity of defendant's title, he cannot prevail unless he shows a good legal or equitable title in himself. *Chiles* v. *Gallagher*, 67 Miss., 413.

FROM the chancery court of Amite county.

HON. CLAUDE PINTARD, Chancellor.

Decree in favor of complainants below. Defendant appeals. The opinion states the case.

*Ratcliff & Wilkinson*, for appellant.

The complainants aver that they are the owners of the
land in controversy, and this is denied by the answer.   There
is absolutely nothing in the record to show that they had any
title to the land or any interest in it, and, therefore, the de-
cree should have been in favor of the defendant.

*T. McKnight*, for appellees.

COOPER, J., delivered the opinion of the court.

The appellees exhibited their bill to cancel, as a cloud upon
their title, a tax-title asserted by appellant to the lands de-
scribed in their bill.   They aver that they are the owners of
the land in controversy, and this averment is denied by the
defendant.   We find nothing in the record sustaining this
material and controverted assertion, and, for this reason, the
question as to the validity of the tax-title of the defendant
becomes immaterial ; for, regardless of its validity or invalid-
ity, the complainants, who, from the record before us, are
strangers to the original title, have no right to bring it in
question.

We cannot comprehend how the error of supposing that
one proving no title may get relief in equity in this class of
cases has survived through so many years against a uniform
series of decisions, beginning in the year 1848.   If any thing
can be considered settled by decision, it is that a complain-
ant, seeking to cancel the title of his adversary, must show
either a good legal or equitable title in himself.   *Taylor* v.
*Strong*, 10 Smed. & M., 63 ; *Boyd* v. *Thornton*, 13 *Ib.*, 338 ;
*Huntington* v. *Allen*, 44 Miss., 654 ; *Adams* v. *Harris*, 47 *Ib.*,
144 ; *Walton* v. *Tusten*, 49 *Ib.*, 569 ; *Handy* v. *Noonan*, 51
*Ib.*, 166 ; *Phelps* v. *Harris*, 51 *Ib.*, 789 ; *Griffin* v. *Harrison*,
52 *Ib.*, 824 ; *Cook* v. *Friley*, 61 *Ib.*, 1 ; *Harrill* v. *Robinson*,
*Ib.*, 153 ; *Hart* v. *Bloomfield*, 66 *Ib.*, 100 ; *Soria* v. *Stowe*, *Ib.*,
615 ; *Chiles* v. *Gallagher*, 67 *Ib.*, 413 ; *Bank* v. *West*, *Ib.*, 729.

On the final hearing the chancellor should have dismissed

the bill, which will be now done here; but, inasmuch as it may be that complainants have title which, by inadvertence, was failed to be proved, the dismissal will be without prejudice.

*Decree reversed, and bill dismissed.*