MARY NEWELL *et al.* v. ILLINOIS CENTRAL R. Co.

[63 South. 351.]

1. INJUNCTION. *Chancery court. Subjects of relief. Bill of peace.*

A bill in chancery exhibited by a railroad company against each and all of numerous plaintiffs in damage suits against the company, praying for an injunction against the further prosecution of the suits at law and asking the chancery court to take jurisdiction of all issues involved in the several suits, will not lie, even though all the suits arose out of the same wreck upon the railroad.

APPEAL from the chancery court of Attala county.
HON. J. F. McCOOL, Chancellor.

Bill by the Illinois Central Railroad Company against Mary Newell and others. From a decree for complainant, defendants appeal.

The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield, J. S. Smythe* and *S. S. Dodd,* for appellants.

We do not understand that anything is left to be decided in this case by the decision of this court in the cases of *Newton Oil & Manufacturing Company* v. *Sessums, et al.,* 59 South. 9; and *Cumberland Tel. & Tel. Co.* v. *Williamson,* 57 So. 559.

The trouble has all been over the *Tribett case,* 70 Miss. 182. There numerous persons whose property had been

damaged by fire from sparks emitted by a locomotive of the Illinois Central Railroad Company severally sued in the circuit court for damages. The railroad company enjoined the prosecution of these suits on the ground that they were based upon the same law and the same facts and equity jurisdiction was invoked to prevent multiplicity of suits.

Chief Justice Campbell held that the bill could not be maintained. The facts might be the same in all the cases; it might be necessary to introduce the same witnesses in all the cases; the laws, by which the issues were to be tried, might be the same in all the cases; but there was no community of interest in the subject-matter of the litigation. No individual plaintiff had any interest in what any other plaintiff might receive; there was no common fund to be created nor to be proceeded against; and there was no ground of equity cognizance in any case taken by itself. One could not sue for the benefit of all; all could not have joined in the same suit originally; the rights of action though similar, were wholly independent each of the others. Judge CAMPBELL held close to the well-established rule that: "There must be some recognized ground of equitable interference, or some community of interest in the subject-matter of the controversy, or a common right or title involved, to warrant the joinder of all in one suit; or there must be some common purpose in pursuit of a common adversary, where each may resort to equity, in order to be joined in one suit."

Our court overruled this case and then went back to it. The decision was out of service at the time the injunction was granted in the case at bar and at the time it was tried in the lower court. It has since been reinstated, reanimated. It was discredited in *Railroad Company* v. *Garison,* 81 Miss. 257, 32 So. 996; in *Crawford* v. *Railroad Co.,* 83 Miss. 708, 36 So. 82; in *Thomas* v. *Mangum,* 87 Miss. 575, 40 So. 327; and especially in *Whitlock* v. *Y. & M. V. R. R. Co.,* 91 Miss. 779, 45 So. 861. And in

the case of *Railroad Co.* v. *Barnes,* 94 Miss. 484, 48 So. 823, the Tribbette case is declared to be overruled by the decisions in the cases above cited and in *Tisdale* v. *Fire Insurance Co.,* 84 Miss. 709, 36 So. 568.

The cases decided subsequent to the Tribett case and which go counter to it and at last expressly overruled it, uphold equity jurisdiction to prevent a multiplicity of suits even where this is the only ground of equity jurisdiction that can be claimed. Under this doctrine a court of equity could get jurisdiction on the simple ground that there are many suits. It could not take cognizance of one of them alone; its jurisdiction attached by virtue of the number. It has been urged that economy of time and expense justified the intervention of the chancery court; that the chancery court afforded a better remedy in that the several cases could be tried at one time in that forum whereas they would have to be tried one at a time in the law court; that one lawsuit could be thus substituted for many.

The most striking use of the new doctrine is found in the Whitlock case; a no more striking instance, however, than this now before the court. In the Whitlock case, numerous persons went on an excursion and there was a bridge washed away and great delay, inconvenient and trouble happened to the passengers. About forty-nine of them sued in the circuit court, and the parties and their attorneys, were enjoined and the injunction was sustained by this court. They were suits in tort; they were for unliquidated damages and the claims were wholly independent each of all others. The court that sustained the injunctions in the Whitlock case would also have sustained it in the Tribett case. The two could not possibly stand together. If the opinion in one case announced the law, the opinion in the other did not declare the law.

*Mayes & Mayes,* for appellees.

The first question to be considered by this court is, did the chancery court have power to enjoin the prose-

cution of these ten suits in the law court and to assume
jurisdiction of them and to consolidate them to avoid a
multiplicity of suits, it appearing that all of these ten
cases are controlled by the same fact and principles of
law, and that the witnesses are the same.

The question, we fear, places the court in an embar-
rassed position. The authorities in the state are divided.
Under the weight of authority, this question would have
to be answered in the affirmative. Under the most recent
decision it would have to be answered in the negative.
If this court in deciding this question follows, what we
believe to be the weight of authority, it will have to run
counter to the most recent decision on the subject. If this
court follows the most recent decision, it would have to
run counter to the weight of authorities.

We have carefully examined all of the authorities in
this state which deal with this question and we can safely
say that, according to the weight of authority, the chan-
cery court had in this case full power to enjoin the pros-
ecution of these suits and to assume jurisdiction of them
and consolidate them. The authorities upon which we
rely are the following: Pomeroy Equity Jurisprudence,
par. 268 and 269; *I. C. R. R. Co.* v. *James Garrison et al.,*
81 Miss. 257; *Crawford et al.* v. *M. J. & K. C. R. R. Co.*
*et al.,* 83 Miss. 708; *Tisdale* v. *Fire Ins. Co.,* 84 Miss.
709; *Crawford* v. *M. J. & K. C. R. R. Co.,* 83 Miss. 708;
*Va. Chemical Co.* v. *Ins. Co.,* 113 Fed. 1.

Cook, J., delivered the opinion of the court.

A large number of passengers upon an excursion train
of appellee, the Illinois Central Railroad Company, filed
separate suits against the railroad company for alleged
injuries inflicted on them by the company. The railroad
company exhibited its bill of complaint in the chancery
court of Attala county against each and all of the plain-
tiffs in the damage suits, praying for an injunction
against the further prosecution of the suits at law, which

was granted, and asking the chancery court to take jurisdiction of all the issues involved in the several suits, and render such decree as the facts and equity should require. This the chancery court did. Proper objections and exceptions were taken to this procedure, and the court's action is here for review.

The questions involved in this appeal have been recently threshed out in this court, and we have definitely, and we think clearly, established the rule in this state that neither the chancery court, nor any other court, has jurisdiction of this sort of suit. The plaintiffs in the original suits could not have joined their causes of action in one suit, and the defendant cannot accomplish this result by the procedure here adopted, or by any other procedure known to the law. *Insurance Co.* v. *Warren-Gee Co.,* 60 So. 1010; *Railroad Co.* v. *Walker et al.,* 60 So. 1014; *Newton Oil Co.* v. *Sessums et al.,* 59 So. 9; *Telegraph Co.* v. *Williamson et al.,* 101 Miss. 1, 57 So. 559.

Judge McLEAN, in a masterly and illuminating opinion, set this vexed question at rest in this state, and incidentally exposed the unsoundness and fallacy of the reasoning adopted by this court in the cases wherein it departed from the better rule first announced by this court in the *Tribbette Case,* 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642.

*Reversed, and bill dismissed.*