Board of Mayor and Aldermen of Town of Louisville *v.* Armstrong et al.

[74 South. 285, Division B.]

1. Action. *Equity. Joinder of actions. Recovery of illegal taxes.*

   Where several plaintiffs sued in one action to recover from a municipality taxes paid under protest on their several properties on an increased assessment of each and they were not joint owners of the property the assessment of which was increased, but each owned his separate and individual parcel of real estate upon which he had erected improvements, the value of which varied according to the varying amounts expended in improving the same, and each complainant sought to recover back the tax charged to have been demanded unlawfully and in seeking such recovery every complainant was suing to recover back his own and not another's tax. In such case there was no community of interest in the subject-matter of the suit and complainants could not combine their claims in one declaration at law or one bill in equity and a demurrer should have been sustained to such bill.

2. Recovery of Alleged Taxes. *Jurisdiction of chancery court.*

   The chancery court has no original jurisdiction of separate demands of owners of realty to recover illegal taxes paid under protest.

Appeal from the chancery court of Winston county.

Hon. H. H. Elmore, Special Chancellor.

Suit by J. K. Armstrong and others against the Board of Mayor and Aldermen of the Town of Louisville. From a decree overruling a demurrer to the bill, defendants appeal.

Appellees, as citizens and taxpayers of the municipality of Louisville, in Winston county, exhibited their bill of complaint in the chancery court of said county against the board of mayor and aldermen of the town of Louisville, seeking to recover various amounts of taxes alleged to have been paid for the year 1913, with exception of appellee J. A. Chapman, who seeks to recover twenty-

four dollars alleged to have been unlawfully paid for the year 1914, on different improvements constructed by complainants upon their separate and individual properties in said town. The bill charges that the complainants each owned unimproved real estate on the 1st day of February, 1913, the day upon which the liability of individual taxpayers for the fiscal year 1913 was by law determined; that after the 1st day of February each of the complainants made separate improvements, fully detailed in the bill, some of the complainants constructing dwelling houses, and others houses for business purposes; that during the year 1913, after the said improvements had been constructed, the board of mayor and aldermen increased the assessment of each of the complainants, so as to embrace the value of the improvements, and the tax collector had proceeded to collect *ad valorem* taxes for the year 1913 upon the value of these improvements; that the increase in the assessment, so far as it affected taxation for the year 1913, was without authority of law, and that the collection of this tax by the city tax collector was unlawful; that complainants had protested against the increase, but their objections had been overruled by the board; that each of the complainants had paid the amount of the tax exacted under protest. Similar allegations were made with reference to the increase of the assessment of J. A. Chapman for the year 1914, and also with reference to the exaction and payment of the increased tax for that year. It is charged that these separate improvements of the complainants were not taxable for the year 1913, that the real estate of the complainants had already been lawfully assessed at its true value, and that there was no authority of law justifying the board in increasing the assessments then lawfully appearing against each of the complainants upon the regular assessment roll. The bill does not charge at what meeting of the board the assessments were increased, but does charge that some of the improvements were not constructed until the month of August, 1913, and it thereby nec-

essarily shows that the increase was made during or subsequent to the month of August. The bill does not charge at what meeting complainants protested, or whether all of them in fact appeared before the board, or had notice of the increase, at or during the meeting at which an order increasing the assessment was entered. It inferentially appears from the bill that the board attempted to make this increase, not at the regular revenue session of the board, when the general assessments of the municipality were equalized and the roll approved, but that the board acted under authority of chapter 128, Laws of 1912.

A general demurrer was interposed to the bill, and this demurrer was by the court overruled, but an appeal granted to settle the principles of the case. Two of the grounds of demurrer challenge the right of the complainants to combine their separate demands in one suit. For the purposes of the opinion, it is unnecessary to set out the various grounds of demurrer.

*L. H. Hopkins,* for appellants.

*E. M. Livingston,* for appellee.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above). Appellees are not joint owners of the property, the assessment of which was increased. Each owns his separate and individual parcel of real estate upon which improvements were erected. The value of these improvements varies, according to the varying amounts of labor and material required for each house. Each complainant seeks to recover back a tax charged to have been demanded unlawfully, and in seeking this recovery every complainant is suing to recover back his own, and not another's tax. The complainants, therefore, have no community of interest in the subject-matter of this litigation. This is not a case where taxpayers seek to recover back a uniform rae of taxation imposed by an unconstitutional law.

Each of the complainants is here seeking to recover back a portion of *ad valorem* taxes paid upon his own property. The effort, therefore, to combine the claims in one bill, is condemned by more than one decision of this court. See *Newell et al.* v. *I. C. R. R. Co.*, 106 Miss. 182, 63 So. 351, and authorities there listed. For this reason, the demurrer to the bill should have been sustained, and the bill dismissed.

In entering the proper decree here, we, of course, are not reversing the chancellor for assuming to take jurisdiction of what appellants contend to be common-law suits. Appellees could not combine their claims, either in one declaration at law or one bill in equity. It might be well to say, however, that in our judgment the chancery court does not have original jurisdiction of the separate demands here sued for.

The decree of the lower court will be reversed, the demurrer sustained, and the bill dismissed without prejudice to the rights of the complainants to institute new and separate actions.

*Reversed and dismissed.*