ROBERTSON ET AL. *v.* F. KRAUSS & SONS.

[92 South. 74. No. 22651.]

EQUITY. *Foreclosing a deed of trust, having obtained jurisdiction, may determine all questions concerning the controversy.*

A court of equity has jurisdiction to foreclose a deed of trust, and, having obtained jurisdiction of the subject-matter and the parties, may take jurisdiction of all questions between the parties as to such contract, and in one suit may settle all matters flowing from such contract.

APPEAL from chancery court of Jefferson county.

HON. R. W. CUTRER, Chancellor.

Bill by F. Krauss & Sons against C. E. Robertson and others. Judgment for plaintiffs, and defendants appeal. Affirmed and remanded.

*L. L. Posey* and *Truly & Truly,* for appellants.

*Whittington & Corban,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The appellees filed a bill in the chancery court, alleging: That the appellant Robertson, in the year 1920, approached

the appellees with a proposition for the appellees to advance certain moneys and make his bond as a bridge builder to build a certain bridge to be let by the board of supervisors on the first Monday in March, 1920, representing that he could make a profit on the said bridge if he could secure the contract on the proposed bid; said profit being estimated by him at three thousand dollars. That he further represented that he was unable to finance the contract and make the required bond, and that if the appellees would finance the undertaking that he would allow them seven hundred dollars of the profits to be made out of the contract, and that he would assign to them his warrants from the county to pay the money advanced by them to enable them to finance the proposition.

It is further alleged: That the contract was a hazardous undertaking, but that the appellees agreed to advance the money necessary to finance the contract, on the agreement and understanding that the said Robertson would execute a deed of trust on certain property described in the bill, of the estimated value of two thousand dollars, and assign his warrants to them for the money advanced. That in accordance with the said agreement the said Robertson bid upon the said bridge and secured the contract to build the same at and for the sum of ten thousand five hundred dollars. That the appellees procured the necessary bond required for the faithful performance of the said contract for the said Robertson, and took a deed of trust covering the property agreed for the sum of seven thousand dollars, the amount estimated to be necessary to advance to build the bridge, and for seven hundred dollars, the amount agreed to be given the appellees for their aid in the matter. That the notes were made payable four months after date, and the deed of trust made to mature four months after date, but that the real understanding was that the notes would be due when the bridge was completed and accepted by the board of supervisors, which was estimated would require four months. That as a matter of fact no interest whatever was to be charged, and that this was

agreed and understood between the parties to the agreement.

It was further alleged: That Robertson did not complete the bridge until in the fall following, and when he had completed the bridge the board of supervisors sent a committee to inspect the bridge, and that said committee refused to accept the bridge, because it was not built according to the plans and specifications. That, thereupon the complainants, with Robertson, went before the board of supervisors, and it was finally agreed between the board and Robertson and complainants that Robertson would make certain alterations in the bridge as constructed and that the county would pay for the additional material used in such alteration. That in pursuance of this agreement Robertson undertook to make the alteration agreed upon, but before the bridge was inspected and accepted by the board of supervisors it was washed away by a flood and had to be replaced. That it was finally constructed and accepted, and six thousand dollars of the contract price paid to the complainants, the appellees here; the county not having enough funds in its treasury to pay for the said bridge in full. That subsequently the complainants collected from the county eight hundred and eighty-four dollars on the balance of the contract price. That one Callahan trading under the name of the Vicksburg Boiler & Iron Works filed a claim with the board of supervisors for material sold by him to Robertson and claimed a lien on the bridge for said amount. That complainants believed that under their agreement with Robertson they were liable to Callahan for this amount, but that Robertson would not agree for them to pay Callahan the said amount, and that Callahan had filed a suit in the chancery court seeking to hold the complainants and Robertson liable for the said sum for the material so furnished.

It was further alleged: That Robertson had filed certain suits in the circuit court, claiming that the seven thousand dollar note was for a loan of money and that the seven hundred dollars above mentioned was interest

for a period of four months from March to July on said note, and that said seven hundred dollars would make usurious interest in excess of 20 per cent. per annum. That said claim is made by Robertson in face of the truth as hereinbefore stated, and with the fraudulent purpose and design to cheat and defraud complainants. That said suit had been filed, seeking to recover seven thousand seven hundred dollars, and that Robertson had given further notice to the complainant to cancel the said deed of trust, and had filed a suit for fifty dollars statutory penalty and seven thousand seven hundred dollars in addition, as penalty and damages for failure to cancel said deed of trust, and is threatening to file a suit to cancel the deed of trust. And complainants further charge that all suits involve the same subject-matter and involve the same issues between the same parties, and aver that complainants have a right to come into equity and have this court decree what is due them by Robertson, and subject the lands to the satisfaction of complainants' claim against Robertson, and to have the court decree whether complainants shall pay Callahan under the terms of their contract agreement with Robertson, and, if so, to order the defendant Callahan to be paid out of the proceeds of the money now due by the board of supervisors, and that they are entitled to an injunction against Robertson and his attorneys, restraining them from further prosecuting the said suits in the circuit court, and praying for relief accordingly.

It is further alleged in the bill that various moneys, goods, and materials were furnished under the contract, and an itemized account, duly sworn to, for ten thousand one hundred eighty-six dollars and forty-six cents, credited by six thousand eight hundred eighty-four dollars and thirty cents, leaving a balance of three thousand three hundred two dollars and sixteen cents, is made an exhibit to the bill. This account is verified by affidavit, in which it is stated on oath that the amount is not usurious.

The bill was demurred to on the following grounds:

"(1) There is no equity upon the face of the bill.

"(2) The case presented by the bill is not one of equity jurisprudence, being an attempt to enjoin two separate suits at law, claiming damages for two separate and distinct statutory torts.

"(3) Because all the parties plaintiff in the two suits at law enjoined are not made parties complainant to the suit in the chancery court.

"(4) Because one of the parties plaintiff to one of the suits at law which are enjoined is omitted from the complainants in the suit in the chancery court.

"(5) Because the parties defendant in the chancery court are not joint plaintiffs in the suits at law.

"(6) Because the parties made defendant to the suit in chancery, as shown by the affirmative averments of the bill of complaint, occupy antagonistic attitudes, and their interests are not identical.

"(7) Because the averments of the bill of complaint affirmatively show that there is no common title, and no community of interest or of right in the subject-matter, between the parties defendant.

"(8) Because the complainants have a plain, adequate, and speedy remedy at law, by which they may present any defense to the suits brought against them."

The court overruled the demurrer, and also the motion to dissolve the injunction, and granted an appeal to this court.

It is contended by the appellant that this case is controlled by *Tribette* v. *Railroad,* 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; *Cumberland T. & T. Co.* v. *Williamson,* 101 Miss. 1, 57 So. 559; *Insurance Co.* v. *Warren-Gee Lumber Co.,* 103 Miss. 816, 60 So. 1010; *Newell* v. *Railroad,* 106 Miss. 182, 63 So. 351. In our opinion the present jurisdiction does not depend upon the above cases. The bill seeks the jurisdiction of an equity court to foreclose a lien, and the court having jurisdiction for this purpose may retain it and try all the issues involved in the controversy between the parties. The jurisdiction of the chancery court is not dependent upon the

ground of preventing a multiplicity of suits, but it has full and complete jurisdiction to foreclose a lien, and having jurisdiction for this purpose, may do complete justice between the parties. Complainants could not in the circuit court secure this relief, but could only defend those suits defensively, and at the end of that litigation would not be in possession of the fruits of the victory, should they win a victory there, but would have to go to equity or else foreclose *in pais*. The defendant Robertson is already, according to the allegations of the bill, challenging the validity of the deed of trust, and it is manifest it will be necessary for the complainants to resort to equity to foreclose, in order that the legality of the debt and the sale could be adjudicated.

It is unnecessary here to say whether the right of Callahan can be adjudicated in this suit or not. He has not questioned the right and is not an appellant. The allegations of the bill may not be true in fact, but for the purpose of this decision the truth of the allegations is admitted by the demurrer. We think the judgment of the chancery court in overruling the demurrer was correct.

*Affirmed and remanded.*