BURNETT *v.* BASS *et al.*[*]

(Division B. Jan. 21, 1929. Suggestion of Error Overruled March 4, 1929.)

[120 So. 456. No. 27571.]

*Corpus Juris-Cyc. References: Equity, 21CJ, section 123, p. 144, n. 82; Quieting Title, 32Cyc, p. 1329, n. 67; As to necessity of title and possession in order to maintain action in equity to remove cloud on title, see 5 R. C. L. 646; 1 R. C. L. Supp. 1460; 4 R. C. L. Supp. 340.

*W. C. Sweat,* and *J. A. Cunningham,* for appellant.

*Ely B. Mitchell,* for appellees.

ANDERSON, J. Appellant filed his bill in the chancery court of Alcorn county against appellees, W. D. Bass and his two sisters, Miss Amanda Bass and Mrs. Ella Spears, to establish his title to certain land described in the bill, to cancel and set aside the claim of appellee W. D. Bass to the land involved as a cloud upon his title thereto, to restrain appellees from interfering with his possession and use of the land, and to recover of appellees the statutory penalty provided for by section 4987,

Code of 1906 (section 3451, Hemingway's 1927 Code), for the wrongful and illegal removal of his fence inclosing the land. Appellees Miss Amanda Bass and Mrs. Ella Spears joined in a separate answer from that of appellee W. D. Bass, denying the material allegations of the bill. Appellee W. D. Bass answered also, denying the material allegations of the bill, and made his answer a cross-bill, averring that he was the true and legal owner of the land involved, and asking that a decree be rendered establishing his title thereto, and canceling as a cloud upon his title the adverse claim of appellant. The appellant answered the cross-bill denying its material allegations. The cause was heard on original bill, the answers thereto, the cross-bill, and the answer to the cross-bill and proofs. There was a final decree dismissing the appellant's bill and the cross-bill of appellee W. D. Bass, but awarding appellant the statutory penalty of twenty dollars against the appellees for the wrongful tearing down and removal of appellant's fence around the disputed piece of land. From that decree, appellant prosecutes an appeal, and appellees a cross-appeal.

It was alleged in the pleadings and shown by the evidence that appellant owned block 240, and appellee W. D. Bass block 233, in Alcorn county, both of which blocks having been formerly within the corporate limits of the city of Corinth. In 1884, the legislature passed an act excluding the territory of which these two blocks were a part from the corporate limits of the city of Corinth. The land in controversy is a strip of land twenty-four feet wide between these two blocks.

The chancellor found the following facts and conclusions of law, and was justified by the evidence and the law in so doing: That neither appellant nor appellee, W. D. Bass had title to the strip of land; that, some years prior to the filing of the bill, appellant had taken possession of the strip of land and had inclosed it with a fence

along with block 240 owned by him; that, in so doing, none of the rights of the appellee W. D. Bass were violated; that, as between appellant and appellee W. D. Bass, appellant's possession of the strip of land was rightful; that therefore neither appellee W. D. Bass nor the other appellees, his sisters, who were acting for him in tearing down and removing the fence inclosing the strip of land, were justified in so doing; and that, in tearing down and removing the fence, they incurred the statutory penalty of twenty dollars provided by section 4987, Code of 1906 (section 3451, Hemingway's 1927 Code), which penalty the court decreed against the appellees. The court therefore committed no error in holding that neither of the parties had title to the land, and in dismissing both the original and the cross-bill as to that phase of the case.

But appellant contends that the court should have gone further in its decree and provided that appellees should restore to him the possession of the strip of land which they had so taken, while appellees contend, on their cross-appeal, that, if appellant has such a right, it is a legal and not an equitable right, and that his remedy is in a court of law and not in a court of equity; that, in a court of equity, a complainant has no right to cancel an adverse claim of title to land unless he shows title in himself; that appellant, having failed to show title in himself, is without remedy against the appellees because of their interference with his possession, and that such an interference was a violation of his legal, and not his equitable, rights, and his remedy therefor is alone in a court of law.

The rule is that, to entitle a complainant to cancel, as a cloud upon his title to land, his adversary's claim thereto, he must show in himself a perfect legal or equitable title to the land. *Handy* v. *Noonan,* 51 Miss. 166; *Griffin* v. *Harrison,* 52 Miss. 824; *Hart* v. *Bloomfield,* 66 Miss. 100, 5 So. 620; *Chiles* v. *Gallagher,* 67 Miss. 413, 7

So. 208; *Wilkinson* v. *Hiller,* 71 Miss. 678, 14 So. 442; *Goff* v. *Avent,* 122 Miss. 86, 84 So. 134. And it is true of this case that the only ground of equity set out in either the original or cross-bill is the cancellation of clouds upon title to land; the other grounds set out embodying purely legal rights. Does it follow that, where the equitable ground fails, the parties are relegated to a court of law to enforce their rights? We think not. Where a court of chancery takes jurisdiction on one ground of equity, it will administer full relief—a complete settlement of all the material questions involved in the cause, whether they be equitable or legal rights—and will decree appropriate remedies for the enforcement of such rights. And this is true where the only ground of equity is not established and there are left rights cognizable alone in a court of law. Griffith's Chancery Practice, section 28; *Atkinson* v. *Felder,* 78 Miss. 83, 29 So. 767; *Baker* v. *Nichols,* 111 Miss. 680, 72 So. 1.; *R. Co.* v. *McConnell,* 127 Miss. 592, 90 So. 321; *Vicksburg, etc., Co.* v. *Citizens Tel. Co.,* 79 Miss. 354, 30 So. 725, 89 Am. St. Rep. 656; *Robertson* v. *Krauss & Sons,* 129 Miss. 310, 92 So. 74; *Lumber Yard* v. *R. Co.,* 96 Miss. 116, 50 So. 445, Ann. Cas. 1912A, 801; *Hale* v. *Bozeman,* 60 Miss. 966; *R. Co.* v. *Brooks,* 66 Miss. 595, 6 So. 467; *Newman* v. *Taylor,* 69 Miss. 673, 13 So. 831; *Woods* v. *Riley,* 72 Miss. 73, 18 So. 384. If, however, the ground of equity upon which the jurisdiction of the chancery court is invoked fails of proof, and it appears from the evidence, that the jurisdiction of the court was sought in bad faith for the purpose of defrauding the appropriate law court of its jurisdiction, a different case would be presented. We cannot say from the record in this case that this is one of that character.

The decree appealed from should be reversed on direct appeal and affirmed on cross-appeal, and a final decree entered here requiring the appellees to restore to

appellant the possession of the land involved, and enjoining them from further interference with such possession.

Reversed on direct appeal and affirmed on cross-appeal.

*Affirmed.*

*Reversed.*