CITY OF HATTIESBURG, MISS., et al. *v.* BUCKALEW, etc.

No. 41726 March 6, 1961 127 So. 2d 428

*Sullivan & Sullivan,* Hattiesburg, for appellant.

*Francis T. Zachary,* Hattiesburg, for appellees.

GILLESPIE, J.

Appellee sued Bailey, a policeman, and the City of Hattiesburg for personal injuries sustained when the City's patrol car operated by Bailey collided with a car in which appellee was riding.

At the conclusion of all the testimony, City of Hattiesburg requested the court to instruct the jury to find for the City. Motion was overruled and the case went to the jury and a verdict was returned in favor of appellee against Bailey and the City. City appealed to this Court.

The decisive question in this case is whether the municipality is immune from suit by appellee. We hold that it is.

 █ The rule in this State is that a municipality is immune from liability for the torts of its officers, agents, and employees while engaged in matters pertaining to the police powers of the City. This rule is conceded by appellee, but he contends that this case is governed by the rule announced in City of Meridian v. Beeman, 175 Miss. 527, 166 So. 757, but we think it would be an extension of the rule announced in the Beeman case to apply it here. In the Beeman case, the plaintiff was negligently injured while the policeman was patrolling his beat, but at the same time the policeman was required by several ordinances to constantly note while on his beat, and to report as occasion required, the condition of bridges, culverts, sewers, drainpipes, streets, and sidewalks, and also as to the condition of all street lights and as to any accidents that may have happened in his beat in regard to gas or water works and the like. It was held that the court should not be called upon to unscramble the mixed relations in which the city had placed itself in regard to the duties of its officers in view of the ordinances. In that case every policeman was at all times and at all places constantly performing duties in connection with the proprietary affairs of the city as well as those pertaining to police powers.

In the present case, the policeman was not subject to any ordinance requiring him to perform any duties pertaining to the city's proprietary affairs. The proof showed that policemen, as they patrolled the streets, were required to report any condition that they observed that was dangerous to life, limb or property. There were no orders to look for defects in the streets, open manholes, defects in bridges and the like, but Bailey testified that he did make such observations and thought it was his duty. He added, however, that he made such observations as a private citizen would make. The police chief testified that while policemen were not required to look for defects in the streets and the like, it was their duty

to report defects they observed which were dangerous to life, limb or property.

The proof showed Policeman Bailey was on patrol as a policeman when appellee was injured. This case is not within the scrambled duties rule announced in the Beeman case.

It is also contended that since Bailey while thus on patrol was to pass the home of another policeman and take that policeman to the city hall, the immunity rule should not apply. The custom of one patrolman on duty picking up another policeman in the patrol car to transport him to his place of duty was permitted as being good law enforcement since it would keep some policemen on patrol at all times instead of leaving a period of time when no policeman would be on patrol. This was nothing more or less than a part of the activities of the police department in law enforcing activities. It did not remove the policeman from under the immunity rule.

Considered in the light most favorable to appellee, the proof shows that Policeman Bailey was engaged in duties pertaining solely to the police powers of the city when appellee was injured. The peremptory instruction should have been granted the city.

Reversed and judgment here for City of Hattiesburg.

*Lee, P.J.,* and *Kyle, Rodgers* and *Jones, JJ.,* concur.