475 So.2d 816 (1985)
Mrs. E.N. SMITH
v.
CITY OF WEST POINT, Travelers Indemnity Company and National Security Fire and Casualty Company.
No. 54965.
Supreme Court of Mississippi.
September 4, 1985.
*817 Jim Waide, Estes & Waide, Tupelo, for appellant.
David Williams, Williams, Glover, Walton & McAlilly, Meridian, J. Joshua Stevens, Jr., Thomas M. Tubb, West Point, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
This appeal presents a rather unusual question of whether under pre-Pruett law[1] an incorporated municipality may be mulcted for damages said to have been caused by its failure to train properly a police officer in the art of the high speed chase and via respondeat superior by reason of the chasing officer's independent negligence. Mrs. E.N. Smith, Plaintiff below and Appellant here, charges that her place of residence was damaged when on May 17, 1982, it was struck by the out-of-control automobile of an fleeing misdemeanant. An officer of the City of West Point Police Department, we are told, was in hot pursuit.
In May of 1982 the City of West Point was clothed with sovereign immunity which operated as a complete defense to an action of this sort. Jackson v. Smith, 309 So.2d 520 (Miss. 1975); City of Hattiesburg v. Buckalew, 240 Miss. 323, 127 So.2d 428 (1961). Our law had not declared tortious the conduct here alleged, see The Western Maid, 257 U.S. 419, 433, 42 S.Ct. 159, 161, 66 L.Ed. 299, 303 (1922), except that there had been a legislatively provided waiver of immunity to the extent that a municipality had in force liability insurance covering an *818 occurrence. Miss. Code Ann. § 21-15-6 (Supp. 1984). The City of West Point had such liability insurance which provided coverage for damages
caused by accident and resulting from ownership, maintenance, or use of the insured automobile.
The first charge of the complaint is that West Point failed properly to instruct and train its police officers in the practice of the high speed chase. Plaintiff alleges that this failure proximately caused or contributed to the damages to her home. Pretermitting the question whether Plaintiff can prove this omission, it is not an omission covered by the City's liability insurance policy. The core of the offending conduct here charged is other than "ownership, maintenance or use" of an automobile. Hence, the waiver of sovereign immunity by insurance provided in Section 21-15-6 avails Plaintiff nothing.
Second, the complaint charges that "the City of West Point is liable for its officer's negligence on a respondeat superior basis". The complaint further charges that the officer chased his catch "at speeds in excess of 80 to 100 miles per hour" through a residential neighborhood in the City of West Point.
On this count the complaint states a claim upon which relief may be granted. Rule 12(b)(6), Miss.R.Civ.P. It does not appear beyond doubt that plaintiff can prove no set of facts which would entitle her to relief. Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499, 504-506 (Miss. 1985). The Circuit Court, nevertheless, entered summary judgment in favor of Defendants and dismissing the complaint. Rule 56, Miss.R. Civ.P.
The affidavits Defendants have filed fail to pierce Plaintiff's claim. That the officer pursued an escaping misdemeanor suspect who in turn crashed into Plaintiff's residence or other cognizable evidence has been admitted. No affidavit has been furnished by the City denying the officer's excessive speed or negligence, such as would have made it incumbent upon Plaintiff that she filed counter-affidavits supporting her allegations. See Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss. 1983). We reverse.
As the case must be remanded for trial on Plaintiff's respondeat superior theory, we add a word regarding the duty of care owed by a municipality.[2] Negligence, of course, connotes a failure to exercise reasonable care under the circumstances. Cole v. Delchamps, Inc., 246 Miss. 846, 152 So.2d 911, 913 (1963). What is reasonable care may vary with the circumstances, Knapp v. Stanford, 392 So.2d 196, 199 (Miss. 1980), and one of the circumstances here is the entirely reasonable community expectation that law enforcement officers will do what is reasonably necessary to apprehend fleeing suspects. The City of West Point and its police officers are under no duty to allow motorized suspects a leisurely escape. See Drapper v. City of Los *819 Angeles, 91 Cal. App.2d 315, 205 P.2d 46 (1949). In this view no notion of negligence per se is suggested by a pursuing officer who exceeds the speed limit.
Although Plaintiff will likely get a trial by virtue of the conditional waiver of immunity found in Section 21-15-6, she seeks to guild the lily by naming West Point's liability insurance carrier as a party defendant. Without guile she tells us she wants the jury to know that the City is insured.
Our traditional rule is that a liability insurer may not be sued directly, Cook v. State Farm Mutual Insurance Co., 241 Miss. 371, 128 So.2d 363 (1961), and the fact that the defendant is insured may not even be mentioned. Herrin v. Daly, 80 Miss. 340, 31 So. 790 (1902). To be sure, we confront here a procedural question. The potential for undoing our traditional rule in other contexts may be found within the Mississippi Rules of Civil Procedure. In the present context, we are obliged (though not obligated) to respect the legislative language found at the end of Section 21-15-6.
No attempt shall be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment that may be rendered against any municipality.
In summary and conclusion, we reverse so much of the judgment below as has dismissed Plaintiff's claim against the City on a respondeat superior theory. The remainder of the judgment below, which now becomes a partial summary judgment, is affirmed. The case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED
PATTERSON, C.J., WALKER, and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] See Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982) (abolishing doctrine of sovereign immunity several months after the incident sued upon here). The new sovereign immunity act, codified in Miss. Code Ann. §§ 11-46-1, et seq. (Supp. 1984), likewise has no application to this case.
[2] We take note that there has been not inconsiderable litigation in analogous contexts in other states. Numerous jurisdictions have recognized a cause of action for negligent conduct of a high-speed chase, where the pursued vehicle strikes and injures an innocent third party or his property. See, e.g., Biscoe v. Arlington County, 738 F.2d 1352 (D.C. Cir.1984); Fiser v. City of Ann Arbor, 417 Mich. 461, 339 N.W.2d 413 (1983); Tetro v. Town of Stratford, 189 Conn. 601, 458 A.2d 5 (1983); City of Sacramento v. Superior Court, 131 Cal. App.3d 395, 182 Cal. Rptr. 443 (1982); Selkowitz v. County of Nassau, 45 N.Y.2d 97, 408 N.Y.S.2d 10, 379 N.E.2d 1140 (1978); Reed v. Winter Park, 253 So.2d 475 (Fla.App. 1971); Myers v. Town of Harrison, 438 F.2d 293 (2d Cir.), cert. denied, 404 U.S. 828, 92 S.Ct. 64, 30 L.Ed.2d 57 (1971); Mason v. Bitton, 85 Wash.2d 321, 534 P.2d 1360 (1975) (en banc); Schatz v. Cutler, 395 F. Supp. 271 (D.Vt. 1975). See generally Annotation, Liability of Governmental Unit or Its Officers For Injury To Innocent Occupant Of Moving Vehicle, As A Result of Police Chase, 4 A.L.R. 4th 865 (1981). These cases may certainly provide guidance as the details and nuances of the case at bar unfold, although caution should be taken that the statutory law of these other jurisdictions be not inconsistent with our law.