# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-IA-01470-SCT

*THE CITY OF RIDGELAND, MISSISSIPPI, CITY
OF RIDGELAND POLICE DEPARTMENT,
POLICE CHIEF CHARLES NEWELL AND
DONALD MARTIN*

*v.*

*DONALD FOWLER, GLENDA FOWLER,
INDIVIDUALLY AND AS MOTHER AND NEXT
FRIEND OF KAREN ROSS FOWLER*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/11/2000 |
| TRIAL JUDGE: | HON. GAIL SHAW-PIERSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | FORREST W. STRINGFELLOW |
| ATTORNEYS FOR APPELLEES: | VICKI ROBINSON SLATER |
| | EDWARD BLACKMON, JR. |
| | TRENT L. WALKER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/13/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal by the City of Ridgeland presents to this Court the sole

question of whether the chancery court has subject matter jurisdiction over a lawsuit brought

under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002).

Adhering to our recent decision in ***Lawrence County School District v. Brister***, 823 So. 2d

459 (Miss. 2001), we hold that it does not and reverse and remand for a transfer of this case to the circuit court.

## FACTS

¶2.     Karen Ross Fowler, a twenty-year-old minor, was driving along Pear Orchard Road in Ridgeland, Madison County, Mississippi, in March of 2000. At the same time, officers of the City of Ridgeland Police Department were pursuing and attempting to apprehend a suspect near the intersection of North Park Drive and Pear Orchard Road.  A collision is alleged to have occurred between the pursued vehicle of the suspect and Fowler when the suspect lost control of his vehicle.  Fowler sustained numerous injuries and underwent various surgeries and medical procedures.

¶3.     Her parents, Donald and Glenda Fowler, filed suit in Madison County Chancery Court against the City of Ridgeland, City of Ridgeland Police Department, Police Chief Charles Newell and Donald Martin (hereinafter "City of Ridgeland") on behalf of themselves and their daughter seeking remedies in equity and at law. Among other remedies, the suit sought a temporary restraining order to command the City of Ridgeland to preserve Fowler's car, to allow the plaintiffs access to photograph and inspect the car, and to provide an inventory of evidence taken in connection with the collision.  Further, the Fowlers sought injunctive relief to ensure the proper training of officers in the use of force and in pursuit situations. The Fowlers also asked for damages against the City of Ridgeland for the negligent supervision and behavior of its employees as well as damages against the individual employees.   The Fowlers contend that the Chancery Court of Madison County

2

is vested with jurisdiction over this case because of the equitable nature of the remedies sought.

¶4. The City of Ridgeland filed a Motion to Dismiss or In the Alternative to Transfer Case to Circuit Court, which the city maintains is the court of proper jurisdiction for a tort claims case. The chancellor denied this motion. The City then moved for interlocutory appeal. The trial court granted this motion but refused to stay the proceedings. By order, this Court granted the City's Petition for Permission to File Interlocutory Appeal and Motion for Stay of Proceedings, staying all proceedings pending resolution of the merits of the appeal. *See* M.R.A.P. 5.

## DISCUSSION

¶5. We have previously settled this issue in *Lawrence County School District v. Brister*, 823 So. 2d 459 (Miss. 2001), where we stated:

> While it is true that the Tort Claims Act is silent as to the court of jurisdiction, our constitution is not. Under the Mississippi Constitution, chancery courts are courts of limited jurisdiction and may hear all matters in equity, divorce and alimony, matters testamentary and of administration, minors; business, cases of idiocy, lunacy, and persons of unsound mind, and all cases under the laws in force at the time of the adoption of Constitution. Miss. Const. Art. 6 § 159(a)-(f) (1890). Circuit courts, on the other hand, are courts of general jurisdiction, having 'original jurisdiction in all matters civil and criminal in this state not vested in another court.' *Id. § 156.*

823 So 2d at 460. This Court went on to say that circuit court was the appropriate venue for negligence actions. "When a plaintiff's complaint neither requests nor requires equitable relief, a chancery court should not exercise jurisdiction." *Id.* (citing *McLean v. Green*, 352 So. 2d 1312, 1314 (Miss. 1977)).

3

¶6.    *Brister* is not the first time that this Court has spoken on the distinctions between cases properly brought in chancery court versus circuit court.  In *United States Fidelity & Guaranty Co. v. Estate of Francis*, 825 So. 2d 38 (Miss. 2002), this Court discussed the chancery court's lack of subject matter jurisdiction in a consolidated underinsured motorist carrier and insured's action against a carrier.  Although the final judgment could not be reversed for  jurisdictional error alone, this Court agreed with USF&G that the chancery court did not have subject matter jurisdiction over the lawsuit.[1] *Id.* at 49.  The first case this Court cited in agreement with USF&G was *McLean*, 352 So. 2d at 1314.  825 So. 2d  at 44. *McClean* states that "when an action at bar arises from a tort claim, courts of equity should not assume jurisdiction over claims for personal injury." *McLean*, 352 So. 2d at 1314. One reason offered in support of our holding was that, historically, tort claims have been tried by a jury.  *Id.*  As in *Estate of Francis*, this Court was unable to reverse because of absence of error other than jurisdiction.  *Id.*  (citing *McLean*, 352 So. 2d at 1314).  However, this Court further stated that despite the mandate of §147 of the Mississippi Constitution, "we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to a trial by jury remains inviolate."  *Estate of Francis*, 825 So. 2d at 45 (quoting *McLean*, 352 So. 2d at 1314)(citing *Talbot & Higgins Lumber Co. v. McLeod Lumber*

---

[1]USF&G filed a petition for interlocutory appeal with this Court six days before the trial. The petition was not considered by this Court until after a final judgment had been rendered on the merits of the case; therefore, it was denied as moot.

***Co.***, 147 Miss. 186, 113 So. 433 (1927)). *See also* ***Blackledge v. Scott***, 530 So. 2d 1363, 1365 (Miss. 1988); ***Robertson v. Evans***, 400 So. 2d 1214 (Miss. 1981).

¶7. This Court has reversed the judgment of a trial court when error other than lack of subject matter jurisdiction has been found. ***Southern Leisure Homes, Inc. v. Hardin***, 742 So. 2d 1088 (Miss. 1999); ***Blackledge v. Scott***, 530 So. 2d 1363 (Miss. 1988). In ***Blackledge***, this Court reversed the Chancery Court of Claiborne County, holding the suit was outside the subject matter jurisdiction of the chancery court. ***Blackledge***, 530 So. 2d at 1365-66.

¶8. ***Blackledge*** involved a rear-end collision. ***Id.*** The plaintiffs alleged the chancery court jurisdiction was proper because the matter would be "too complicated for a jury" and discovery expense in circuit court would be exorbitant. ***Id.*** at 1365. The chancellor agreed with the plaintiff's argument and accepted jurisdiction over the entire matter. ***Id.*** Recognizing that §147 prohibits reversal upon jurisdictional grounds alone, this Court found the suit against the three insurance companies involved amounted to a fraudulent joinder as to venue and reversed since errors in venue are not within the §147 bar. ***Id.*** at 1365-66.

¶9. In ***Southern Homes***, this Court held that matters historically tried by a jury, such as breach of contract claims are best heard in circuit court. 742 So. 2d at 1090. ***Southern Homes*** cited Article 6, §159 of the Mississippi Constitution of 1890 which provides that:

> The chancery court shall have full jurisdiction in the following matters and cases, viz:
> (a) All matters in equity
> (b) Divorce and alimony
> (c) Matters testamentary and administration
> (d) Minor's business

(e) Cases of idiocy, lunacy and persons of unsound mind

(f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

Article 6, §162 of the Constitution provides that "all causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." *Southern Homes*, 742 So. 2d at 1090. This Court also held that if doubts arise as to the jurisdiction of the chancery court, and whether a claim is legal or equitable, those doubts should be decided in favor of transfer to circuit court. *Id. Southern Homes* appropriately cites *McDonald's Corp. v. Robinson Indus., Inc.*, 592 So. 2d 927, 934 (Miss. 1991), which states that "it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction."*Id.*

¶10. Southern Homes followed the correct procedure by filing an interlocutory appeal with this Court before a final judgment was issued on the merits of the case because the Mississippi Constitution prohibits reversal on a jurisdictional issue following a trial on the merits. *Id.* at 1091. This Court was able to grant the interlocutory appeal and ordered the case transferred to circuit court. *Id.*

¶11. As *Southern Homes* indicates, it is appropriate to seek permission to bring an interlocutory appeal under M.R.A.P. 5 to address the issue of subject matter jurisdiction in order to prevent a final resolution of the case in an inappropriate forum. *Id. See also Estate of Francis*, 825 So. 2d at 46. This is exactly the procedural posture of the case at bar.

6

¶12.    Here, the Fowlers use allegations of the necessity of an accounting and requests for a temporary restraining order and injunctive relief as a means of support for chancery jurisdiction.  Of course, since the Ridgeland Police Department had already returned the automobile of the Fowlers prior to their filing suit, the injunction argument had to be abandoned.   The Fowlers are thus left clinging to the sole claim that an accounting is necessary and thus chancery jurisdiction attaches.   As far as the accounting claim is concerned, the City of Ridgeland is correct, any accounting which might be required is easily developed during discovery in circuit court.

¶13.    Circuit court is *the* proper court for a **tort claims act case**.  As we further stated in *Brister*, "The Mississippi Constitution requires that causes erroneously brought in chancery court be transferred to the appropriate circuit court.  Miss. Const. art. 6 §  162.  This provision is **mandatory**, and a chancellor has no discretion in this matter. *McLean*, 352 So. 2d at 1314."  823 So. 2d at 461 (emphasis added).   This Court reversed and remanded the case for transfer to the proper court, Lawrence County Circuit Court.  Here, as in *Brister*, not only is it proper, the Circuit Court of Madison County is the only court of jurisdiction for the case at bar.

**CONCLUSION**

¶14.    This case was filed in the wrong court.  Subject  matter jurisdiction here is properly in the circuit court.  Therefore, we reverse the chancery court's order denying the City's motion to dismiss or transfer to circuit court, and we remand this case to the chancery court for entry of an order transferring this case to the Madison County Circuit Court.

**¶15. REVERSED AND REMANDED.**

**PITTMAN, C.J., WALLER, COBB AND CARLSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. EASLEY, J., JOINS IN PART.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶16. We are not here to decide the merits of whether the City was at fault. This is simply a case of whether there is jurisdiction in the chancery court to try the equity matters that were originally pled with an ancillary case on the merits to be tried under the Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002). Once chancery court takes jurisdiction it takes it for all purposes. Because there was enough equity pled initially in this case to attain chancery jurisdiction, I dissent.

¶17. In their amended complaint, the Fowlers specifically requested as relief: (1) a temporary restraining order commanding Ridgeland's police department to keep and preserve the Fowlers' automobile and all other items of evidence in its possession pending a hearing on a preliminary injunction in the case; (2) a preliminary injunction requiring Ridgeland's police department to preserve and keep the Fowlers' automobile and other evidence relating to the Fowlers' case intact; to allow the Fowlers' counsel access to the Fowlers' automobile for photographing and inspection by their experts when and as needed; to provide an inventory of evidence taken in connection with the accident; to provide an opportunity to the Fowlers' experts to examine, inspect, photograph and otherwise record said evidence; (3) a preliminary injunction prohibiting Ridgeland's police department from engaging in high-

speed chase pursuits (except as prescribed by law), and from engaging in shootouts against fleeing felons, when it is entirely foreseeable that innocent persons may be injured or killed; (4) an injunction prohibiting Ridgeland's police department from permitting, encouraging and tolerating an official pattern, practice, or custom of its police officers that would violate the rights of the public at large, including the Fowlers; (5) an accounting for all coverages and funds available for the remedies sought by the Fowlers and toward which the Fowlers may look for satisfaction of the other claims; (6) a declaratory judgment that the policies, practices or customs of Ridgeland's police department referred to in the complaint are illegal; and (7) various prayers for monetary relief.

¶18.    Contrary to the majority's opinion, well-settled rules governing jurisdiction of the chancery court clearly provide that the Madison County Chancery Court is the proper court of jurisdiction in this case.

###    I.    THE CHANCERY COURT HAS JURISDICTION TO DECIDE THIS CASE.

¶19.    The Constitution of this State grants the chancery courts in this state full jurisdiction over various matters, including "all matters in equity."  Miss. Const. art. 6, § 159.  Section 9-5-81 of the Mississippi Code also states that:

> *The chancery court in addition to* the full jurisdiction in all the matters and cases *expressly conferred upon it* by the constitution *shall* have jurisdiction of all cases transferred to it by the circuit court *or* remanded to it by the supreme court; *and such further jurisdiction, as is, in this chapter or elsewhere, provided by law.*

Miss. Code Ann. § 9-5-81 (Rev. 2002).  It is also well-settled that if any aspect of a case is within its subject matter jurisdiction, the chancery court has authority to hear and adjudge any

9

non-chancery pure-law claims via pendent jurisdiction. *Johnson v. Hinds County*, 524 So. 2d 947, 953 (Miss. 1988).

¶20. The instant case has been brought pursuant to the Tort Claims Act and includes claims against the City of Ridgeland, a political subdivision of this state. Miss. Code Ann. § 11-46-13, therefore, governs jurisdiction in this case specifically:

> (1) Jurisdiction for any suit filed under the provisions of this chapter shall be in the court having original __or__ concurrent jurisdiction over a cause of action upon which the claim is based. The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter.

(emphasis added). Thus, the Tort Claims Act does *not* prohibit chancery court jurisdiction, since it is a court of concurrent jurisdiction pursuant to Section 9-5-81. This conclusion is based on an exact reading of the statutory language, which grants jurisdiction in *either* of two forums -- in *either* courts of original jurisdiction *or* courts of concurrent jurisdiction.

¶21. The majority, however, contorts this language, to create an unprincipled rule of law. Indeed, the majority cites *Brister* for a rule flatly prohibiting chancery court jurisdiction over Tort Claims Act cases. *Lawrence County Sch. Dist. v. Brister*, 823 So.2d 459 (Miss. 2001).[2]

---

[2] But as the dissent in *Brister* made clear:

> It is settled beyond question in this jurisdiction that where a suit is brought in the chancery court and the court takes jurisdiction *on any one ground* of equity, it will proceed in the one suit to a complete adjudication and settlement *of every one of all the several disputed questions materially involved in the entire transaction,* awarding by a single comprehensive decree all appropriate remedies legal as well as equitable, although all the other questions involved would otherwise be purely of legal cognizance; and if the ground of equity fails under the proof, the cause may be retained for a complete final decree on the remaining issues, although the latter present legal subjects only and the decree would cover only legal rights and grant none but legal remedies.
>
> *Shaw v. Owen*, 229 Miss. 126, 132-33, 90 So.2d 179, 181 (1956) (emphasis added).

10

Again, as recognized in the ***Brister*** dissent, there is *nothing* in the language of the Tort Claims Act or the Constitution providing for such a rule; nor is there *any* authority for such a rule. ¶22. This Court is not a super-legislature. We are not legislative delegates permitted to engage in ad hoc policy-making. We are not lawmakers. We are, rather, nine individuals whose constitutional task is to interpret the legislative product. There are cases before us where such task is particularly straining, to the eye, to the mind, and to the pen. Indeed, there are cases about which that product is unquestionably open to more than one interpretation. But neither the present case nor ***Brister,*** is one of them. We deal here with exacting, precise language granting jurisdiction over Tort Claims Act cases to courts of concurrent jurisdiction. The chancery court is one such court. Regardless of whether this is an improvident reality, judicially inefficient, plain bad policy, or otherwise, this set of nine individuals should not endeavor alteration through our constitutional task. Statutory amendments take place across the street in the Capitol Building, not here.

¶23. ***Brister*** is on point, but strictly for the proposition that absent an express grant of jurisdiction, a chancery court should not exercise jurisdiction over a claim "when a plaintiff's complaint neither requests nor requires equitable relief." ***Id.*** at 460. ***Brister*** stands only as

---

We acknowledged a chancery court's pendent jurisdiction over issues of law more recently in ***Tillotson v. Anders,*** 551 So.2d 212 (Miss.1989). "Where there appears from the face of a well-pleaded complaint an independent basis for equity jurisdiction, our chancery courts may hear and adjudge law claims." *Id.* at 213 (citations omitted)."

***Brister,*** 823 So. 2d at 464 (McRae, P.J., dissenting).

a judicially made policy standing for the proposition that the Mississippi Tort Claims Act bars jurisdiction of tort claims in chancery court.

¶24.    While *Brister* does state that "[n]egligence actions *should* be brought in circuit court," such statement standing alone is pure dicta. *Id.* (emphasis added). Indeed, the statement is made without any citation whatsoever to one single point of authority; nor is it followed by supportive reasoning. *Id.* Moreover, to read *Brister* outside of the narrow rule for which it stands leads to an absurd evisceration of well-settled rules regarding the pendent jurisdiction of the chancery court.

¶25.    In all cases, the ultimate resolution of jurisdiction is dependent upon three rules. First, where a well-pleaded complaint contains an independent basis for equity jurisdiction, chancery courts have full authority to hear and dispose of all legal issues. *Tillotson v. Anders*, 551 So.2d 212, 213 (Miss. 1989) (citing *Penrod Drilling Co. v. Bounds*, 433 So.2d 916 (Miss. 1983); *Tideway Oil Programs, Inc. v. Serio*, 431 So.2d 454, 464 (Miss. 1983); *Burnett v. Bass*, 152 Miss. 517, 521, 120 So. 456 (1929)). Also, this Court has ruled that jurisdiction is determined at the time the suit is filed. *Euclid-Miss. v. Western Cas. & Sur. Co.*, 249 Miss. 547, 163 So.2d 676, 679 (1964). In addition, once equity jurisdiction attaches, the cause may still be heard on its merits even though the equitable issues have been resolved prior to the time of hearing, leaving only legal issues to be resolved. *Penrod*, 433 So.2d at 919 (citing *McClendon v. Miss. State Hwy. Comm'n*, 205 Miss. 71, 38 So.2d 325 (1949); *Euclid-Miss.*, 163 So.2d 676).Therefore, if equity jurisdiction was properly raised

12

at the time of filing by *any* of the Fowlers' claims, jurisdiction is properly vested in the chancery court.

### A. The Fowlers' request for a temporary restraining order and further injunctive relief in regards to the Fowlers' automobile properly raises equity jurisdiction.

¶26. With respect to the restraining order to prevent the release of the Fowler's automobile, the chancery court found that jurisdiction attaches at the time a suit is filed. In this case, the Fowlers filed the complaint and later amended it. Then Ridgeland's police department subsequently released the Fowlers' automobile. But because Ridgeland's police department was in possession of the car at the time the suit was filed, equity jurisdiction had attached and the case was properly in chancery court. Under this Court's holding in *Penrod*, 433 So.2d at 919, the chancery court had jurisdiction.

### B. The Fowlers' request for an accounting properly raises equity jurisdiction.

¶27. In their amended complaint, the Fowlers requested an accounting of Ridgeland's liability coverage (which included its insurance and any funds which would be available for the remedies sought by the Fowlers). For an accounting to act as an independent grounds for equity jurisdiction, it must arise between the parties at suit. *Tillotson*, 551 So.2d at 214. The accounting for coverages arose between the parties presently at bar and was therefore legitimate.

¶28. The City of Ridgland asserts that an accounting is improper and that discovery at the circuit court level is the better alternative for obtaining this information. At the hearing below, however, counsel for the Fowlers explained ongoing frustration with the City's lack

13

of cooperation in obtaining information regarding insurance coverage during good faith settlement attempts. The relevant portion of the record reads as follows:

> I (Fowler's counsel) was seeking a resolution as I'm required to do under the statute of the state Tort Claims Act. I wrote a letter to the adjuster, and I said, "Is there or is there not insurance covering the City of Ridgeland?" And he sent me a flippant answer with a copy of the statute and said, "All we will ever owe you is $250, 000 under the statute," and never told me yes or no. . .Further, Counsel says that all that -- under the state Tort Claims Act, all that there could be is 250,000 , so it doesn't matter if there was insurance or not and its' going to come under the municipal plan. . .So this is not a -- something I just made up. This is not just some sort of ruse to get an accounting, I need to know if they've got insurance, and if they do, how much it is. I couldn't even find that out during attempting good faith settlement with the City's municipal liability plan prior to instituting this suit. I never found out.

¶29. The resulting request for an injunction seeking an accounting is valid. Contrary to the City's argument that circuit court discovery is the better route, and contrary to the majority's shirking of this issue, the Fowlers' request for an accounting properly raises equity jurisdiction.

### C. The Fowlers' requests for injunctions concerning evidentiary matters properly raise equity jurisdiction.

¶30. In count two of their amended complaint, the Fowlers requested several injunctions concerning evidentiary matters. Specifically, the Fowlers requested preliminary injunctions for the preservation of evidence gathered in their case, as there is a criminal matter underway regarding much of the same evidence. The Fowlers also sought an inventory of evidence taken in connection with the collision and an opportunity for Fowlers' experts to examine, photograph and/or record the evidence.

¶31.   This Court has stated that mandatory injunctions should be granted in a cautious manner and only when such is the only effective remedy.  *Hall v. Wood*, 443 So.2d 834, 841 (Miss. 1983) (citing *Homes, Inc. v. Anderson*, 235 So.2d 680, 683 (Miss. 1970); *Warrior, Inc. v. Easterly*, 360 So.2d 700, 704 (Miss. 1978)).  Further, it is the insufficiency of a remedy at law which serves as the foundation for injunctive relief.  *Moore v. Sanders*, 558 So.2d 1383, 1385 (Miss. 1990) (citing V. Griffith, *Mississippi Chancery Practice* § 434 (2d ed. 1950)).

¶32.   The instant case raises a unique and justifiable concern as to the preservation of and access to the evidence. Indeed, there is a criminal proceeding involved wherein much of the same evidence will be and already has been repeatedly employed.  Thus, the Fowlers' request for injunctive relief on this basis is the only remedy available to ensure the preservation of the evidence.   Therefore, equity jurisdiction in the chancery court is proper on this basis.

> **D.    The remaining injunctions requested by the Fowlers properly raise equity jurisdiction**.

¶33.   The Fowlers requested that the chancery court enjoin Ridgeland's police department from engaging in unlawful high-speed chases; from engaging in shootouts against fleeing felons (when injury to innocent persons is foreseeable); and from fostering an "official pattern, custom, or practice of violating the rights of the public at large."   Further, the Fowlers requested an injunction requiring Ridgeland's police department to create and administer a policy which will "prevent dangerous incidents from injuring others in situations similar to the Fowlers."

¶34. Although the majority shirks this issue, too, to circumvent well-settled rules of equity jurisdiction, Ridgeland cited two cases for the proposition that the chancery court does not have the power to enjoin police pursuits: *Gale v. Thomas*, 759 So.2d 1150 (Miss. 1999), and *Smith v. City of West Point*, 475 So.2d 816 (Miss. 1985). However, the closest that *Gale* gets to upholding this theory is that this Court found that officers are acting within the scope of their employment while engaged in police chases. *Gale*, 759 So.2d at 1157. In *Smith*, we stated that the duty of care a municipality owes to its citizens should take into account a community's expectation that police officers will do what is "reasonably necessary" to apprehend fleeing suspects. *Smith*, 475 So.2d at 818. This reasoning was used as a basis for this Court's finding that it is not negligence *per se* for a police officer, while in pursuit, to exceed the speed limit. *Smith*, 475 So.2d at 819. These findings in no way foreclose chancery jurisdiction to order an injunction against police activities that do not conform to the law.

¶35. As a result, the Fowlers' request for these four injunctions properly raised equity jurisdiction.

¶36. The majority ignores an entire corpus of jurisdictional law. Indeed, the pendent jurisdiction of the chancery court is a powerful grant of authority which allows for cases involving genuine concerns of both equity and law to be brought as one proceeding. Since requests for an accounting and injunctive relief were properly brought before the chancery court, equity jurisdiction was properly raised, thus establishing its jurisdiction over the *entire*

16

matter.  Chancery court jurisdiction should have been affirmed in this case.  That it was not is a clear triumph for ad-hoc judicial policy-making.  Accordingly, I dissent.

**DIAZ, J., JOINS THIS OPINION. EASLEY, J., JOINS THIS OPINION IN PART.**